MAURICE CROSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32735. Promulgated December 4, 1931.

*Charles L. Fleece, Esq.*, for the petitioner.
*Frederick K. Slanker, Esq.*, and *George R. Sheriff, Esq.*, for the respondent.

OPINION.

TRAMMELL: In connection with the gain or loss on the sale of property the only question before us is the amount expended by the petitioner in making improvements, all the other factors being agreed upon. We think that the agreement whereby the rent was reduced from $8,000 to $5,000 per year and in consideration thereof the lessees were to make these improvements, amounts to the payment therefor by the petitioner. However, the property was leased in 1918 and was sold in 1923, a period in any event not to exceed five years. The petitioner therefore did not pay out through this process more than $15,000. It was the agreement of the parties that, if the lessees did not retain the property for a full five-year period, the petitioner would have to make a refund on account of the expenditures made by the lessees, and there being no evidence of any refund or any controversy raised as to whether any refund was made, we feel warranted in assuming that the lessees retained the property at least five years. We think, therefore, that the petitioner did in effect pay out for improvements and alterations $15,000.

The Commissioner raises the point that some of the amounts paid out by the lessees under this arrangement were for repairs and any amount paid therefor should not be added to the capital value of the property; that any amount paid for repairs is not segregated from the amounts paid out for improvements, and therefore no amounts can be added on account of the improvements. We think, however, that the expenditures were for the general improvement, reconditioning, and renovating of the property. In this connection, in the case of *I. M. Cowell*, 18 B. T. A. 997, we said:

While the characterization of some of the items is such that standing alone or made as periodic repairs they might be deductible as ordinary and necessary expenses, it is impractical from the evidence to make such a detailed classification of the items. Such a classification is not a mere matter of what an item is called, but whether it is a part of the entire capital investment in the improved property. To fix a door or patch plaster might very well be treated as an expense when it is an incidental minor item arising in the use of the property in carrying on business, and yet, as here, be properly capitalized when involved in a greater plan of rehabilitation, enlargement, and improvement of the entire property.

See also *Home News Publishing Co.*, 18 B. T. A. 1008.

It is, therefore, our opinion that the amount of $15,000 should be added to the March 1, 1913, value in determining the profit on the sale of the property in 1923.

With respect to the income from the retail clothing store, since it appears that the books, accounts, and records of the taxpayer were not kept in such a manner or method as to permit of a correct

computation of income could be determined therefrom, the determination of the Commissioner by the use of average percentage tables is presumptively correct and will be upheld in the absence of evidence as to what the correct income is. See *F. G. Bishoff*, 6 B. T. A. 570; affirmed by the Circuit Court of Appeals, 27 Fed. (2d) 91; *Jacob Roffwarg*, 2 B. T. A. 332; *M. & B. Rubin, Inc.*, 10 B. T. A. 866; *Yorkville Live Poultry Co.*, 18 B. T. A. 47.

The evidence introduced in this proceeding is not sufficient to overcome the prima facie correctness of the Commissioner's determination. The taxable income computed or estimated from the books and records would be no more than a guess and this is not sufficient. The petitioner, operating a retail clothing business, kept no inventories of merchandise in accordance with article 1585 of Regulations 62, promulgated pursuant to section 203 of the 1921 Act. This fact alone, without consideration of the insufficiency of the books and records otherwise, would prevent a proper determination of income. The petitioner has not shown that the determination of the Commissioner is erroneous.

*Judgment will be entered under Rule 50.*