C. Lemarr v. Commissioner.
Lemarr v. Commissioner
Docket No. 7761.
United States Tax Court
1946 Tax Ct. Memo LEXIS 128; 5 T.C.M. (CCH) 623; T.C.M. (RIA) 46172; July 24, 1946
C. Lemarr, pro se. Paul E. Waring, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: This proceeding involves deficiencies in income tax for the taxable years 1941 and 1943 in the respective amounts of $178.99 and $990.66, and penalties for the year 1943 in the amount of $53.60. Of the penalties asserted $10.59 was for failure to pay the required installments of estimated tax declared. The remaining $43.01 was for substantially underestimating the estimated tax due. [The Facts] Petitioner is an individual residing in Knoxville, Tennessee, and engaged in the business of operating 5, 10 and 25 cents variety stores in that city and in Fountain City, Tennessee, and Middlesboro, Kentucky. An adjustment of petitioner's reported net income from this business *129 for each of the taxable years 1941, 1942 and 1943, was explained by respondent as follows: (a) Inasmuch as you have not kept such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income and the deductions, credits and other matters required to be shown in your income tax return, taxable net income from business has been determined on the basis of available information to be as follows: Year
Year
Year
1941
1942
1943
Net Sales
$39,172.50
$40,773.52
$36,102.07
Percentage of net profits to net sales
15
15
15
Correct business income
$ 5,875.88
$ 6,116.03
$ 5,415.31
Amount reported
4,499.06
2,412.35
2,018.87
Business income increased
$ 1,376.82
$ 3,703.68
$ 3,396.44
For the taxable year 1943 respondent also disallowed an unexplained deduction of $1,900 as "other deductions authorized by law." Petitioner has not alleged error with respect to the disallowance of the deduction. The following assignments of error are made in the petition: (a) The revenue agent has used as a basis for determining net income 15% of sales - and same should be determined by records kept by petitioner *130 for each of the years. (b) The penalty for underestimating the tax is erroneous, due to the fact that it was not determined that there would be any income at all. By answer respondent denied that he had committed error and the case was submitted upon the evidence adduced at the hearing. Petitioner chose not to file a brief. Petitioner realized a profit from the operation of his mercantile business during the years 1941, 1942 and 1943. A several-page document attached to the petition as Exhibit B is a statement made up by or for petitioner as representing the amounts of sales, cost of goods sold, and expenses incurred in the operation of the various stores from 1941 to 1943, inclusive. Petitioner had no independent knowledge of the accuracy of the figures set forth in Exhibit B. Petitioner paid $1,800 rent during the taxable year 1941 for the premises used in Knoxville and Middlesboro. Records kept of the operation of petitioner's business were inadequate to reflect net income therefrom for the taxable years 1941, 1942 and 1943. The only evidence offered at the hearing by petitioner was his own testimony. Petitioner testified that the figures shown in his Exhibit B as the amounts *131 of sales made at the various stores during 1941, 1942 and 1943 were taken from the sales journal, which was introduced in evidence by respondent. The amounts recorded in the sales journal were customarily taken from the cash register shps. The sales figures used by respondent in computing petitioner's tax liability are substantially the same as the amounts so shown by petitioner. We should be unable, however, to resolve the minor discrepancies on the basis of the undescribed entries and notations in the sales journal even were we to assume that those entries were made under a procedure whereby they would normally represent total sales. As to the determination of gross income petitioner testified that no records were kept of merchandise purchases and that the figures so shown in his Exhibit B were estimates, being 33 1/3 per cent of sales. Comparison of the amounts set forth in that exhibit indicates in each instance however that the purchases figure is more than 66 2/3 per cent of the sales figure. With respect to inventory, respondent introduced in evidence a notebook which petitioner testified contained the 1941 inventory for the Central Avenue Store in Knoxville. The entries scattered *132 throughout this book are unidentified, haphazard, and obviously incomplete. Petitioner testified that he did not know where the remaining inventory records were. As to business expenses incurred, petitioner testified that a $300 item listed in Exhibit B as depreciation for 1941 was for painting and "brightening up" counters, glass, and window trim bases. He also stated that an item of $240 for car expense in 1941 represented an allowance of $5 a week for expenditures made in the use of his automobile for business purposes. The only other evidence in the record with respect to business expenses, other than that as to 1941 rent, is petitioner's testimony to the effect that he did not know to whom or for what certain listed expenditures were made. [Opinion] Petitioner has the burden of proving that respondent erred in the determination of petitioner's taxable net income, Welch v. Helvering, 290 U.S. 111, and on the basis of the evidence presented this burden has not been sustained. Petitioner has failed to keep records adequate for the determination of his business net income, as required by the regulations promulgated pursuant to sections 22(c) and 54(a) of the Internal Revenue Code *133 , and has failed to prove the amount of such net income independently of business records. In similar situations, the percentage method resorted to here by respondent has been approved. Gamm v. Commissioner, 39 Fed. (2d) 73; Maurice Cross, 24 B.T.A. 1079. Cf. Frank J. Moore, 37 B.T.A. 378, 385. Petitioner offered no testimony to show that respondent erred in determining that 15 per cent of net sales is the net income usually realized from the operation of similar mercantile establishments. Petitioner's statement under oath that his computation of the amount of taxable net income was correct does not overcome the presumption in support of the deficiencies. Louis Halle, 7 T.C. 245, Frank J. Moore, supra, at page 385. We accordingly hold that petitioner has not shown error in respondent's determination of his taxable net income for the years involved. In view of this conclusion and since no evidence was offered by petitioner with respect to the payment of estimated tax for the taxable year 1943 we also sustain the respondent's determination that petitioner is liable for penalties under sections 294(d)(1)(B) and 294(d)(2), Internal Revenue Code *134 . Decision will be entered for respondent.