LOUIS HALLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3705.    Promulgated June 27, 1946.

*David V. Cahill, Esq.*, for the petitioner.
*Henry C. Clark, Esq.*, for the respondent.

**OPINION.**

Murdock, *Judge*: This Court can not disturb the Commissioner's determination of deficiencies merely upon testimony by the petitioner that his returns as filed were correct. To do so would mean that the Commissioner's adjustments would not be presumptively correct where the taxpayer swore to the correctness of his return. *Pennant Cafe-*

*teria Co.*, 5 B. T. A. 293; *Leonard B. Willits*, 36 B. T. A. 294; *Hoefle* v. *Commissioner*, 114 Fed. (2d) 713. The taxpayer loses on the deficiency issues for complete failure of proof, except for two concessions made by the respondent which have been taken into account in the findings of fact.

Rule 6 (d) of the Court's Rules of Practice provides that "Issues in respect of which the burden of proof is by statute placed upon the Commissioner will not be deemed to be raised by the petitioner in the absence of assignments of error in respect thereof" in the petition. Section 907 (a) of the Revenue Act of 1924, as amended by section 601 of the Revenue Act of 1928, provides that the burden of proof on an issue of whether the petitioner has been guilty of fraud shall be upon the Commissioner. There can be two such issues—one, under section 293 (b), whether any part of the deficiency is due to fraud with intent to evade tax, so that the 50 per cent addition to the tax applies; the other, under section 276 (a), whether a return was false and fraudulent with intent to evade tax, so that it would not start a period of limitation for the assessment and collection of the tax. The petitioner has never assigned as error the action of the Commissioner in determining the 50 per cent additions to the tax under 293 (b), and thus those determinations must stand approved, unchallenged under the rules of the Court.

The petition, up to the time of trial, did not contain any assignment of error raising any question of fraud or of the statute of limitations which in turn might have required the Commissioner to plead, as a defense, that the returns were false and fraudulent. Nevertheless, the Commissioner, for some reason, alleged in his answer that the failure of the petitioner to report certain amounts as income in each year was false and fraudulent, with intent to evade tax. The petitioner did not reply to that pleading, but, since the Commissioner made no move under Rule 18, those allegations of the answer, if material to any issue properly raised, would be deemed to be denied. See Rule 18. Then, during the hearing, the petitioner's counsel moved orally to enter the "plea of limitations," there was no objection, the Court permitted "the petition to be amended to allege that the deficiency determined as to each of the ten years in question is barred by the applicable statute of limitations covering that year," and the respondent was permitted to "enter a general denial." These oral motions were never reduced to writing and filed, as required by Rule 17, and do not serve to raise any issue. *M. C. Parrish & Co.*, 3 T. C. 119, 129.

Furthermore, a petitioner, raising an issue as to the period of limitation, must allege and prove facts to show that returns were filed, when they were filed, and that the notice of deficiency was not mailed within the prescribed time thereafter. If he did that, it would then be incumbent upon the Commissioner to allege and prove some exception to the

general rule, as, for example, that the period had been extended by waivers filed or that the returns were false and fraudulent with intent to evade tax and they did not start any period of limitation to run. Obviously, the petitioner could not cast this burden upon his adversary by merely moving orally during the hearing to enter the "plea of limitations." The Court is entitled to have the required pleadings showing the positions and contentions of the parties, and the respondent may not be prejudiced by late or inadequate pleadings. However, the respondent, as stated above, had pleaded facts in his answer to show that all of the returns filed were false and fraudulent, with intent to evade tax. He proceeded to prove those facts at the trial. The trial progressed, and the parties have assumed that an issue relating to false and fraudulent returns is properly before the Court. Rather than have the decision based solely upon the technical point that no fraud issue has been raised, we have made findings of fact in relation to fraud and will discuss briefly the evidence which led to those findings.

The petitioner did not introduce any evidence to show when any of his returns were filed. However, the respondent introduced returns for all years and also proved that the period of limitation for 1936, 1937, and 1938 was extended by waiver until a date after the date upon which the notice of deficiencies was mailed. The petitioner does not now claim that the determinations for those latter years are barred. Thus the only further difference between the parties is whether the returns for the years 1929 through 1935 were false and fraudulent, with intent to evade tax, so that no period of limitation upon assessment and collection ever commenced to run.

One of the adjustments which the Commissioner made for each of the taxable years was to add to the petitioner's income, as reported, an amount described as "gross income from business understated." It is upon this item alone that the respondent relies to prove fraud. The findings of fact show how the item was determined and the amount of it for each year. The Commissioner concluded that the returns were false and fraudulent, with intent to evade tax. He added the additional amounts to the petitioner's income, determined the deficiencies, and determined that a part of each deficiency was due to fraud, with intent to evade tax. The petitioner complains generally about the method pursued by the respondent and claims that the latter has failed to sustain his burden of proof as to fraud.

This petitioner, like every other taxpayer, was required by law to file an income tax return for each of the years involved herein and to report thereon, fully and honestly, every item of gross income received by him. Inherent in that requirement was the further requirement that he maintain adequate records of some kind to show to him and to the Commissioner the amount of income received by

him in each year and the nature and the basis for any deductions claimed. The Commissioner need not accept, as complete, correct, and accurate, the returns filed or the sworn statement of the taxpayer that his returns completely and correctly disclose his tax liability. The Commissioner has authority to check the returns against the records of the taxpayer and, if no records have been kept or if the records are incomplete, inaccurate, or otherwise unsatisfactory, he may seek information elsewhere to discover, assess, and collect the full tax liability imposed by law. *Estate of Robert Lyons Hague*, 45 B. T. A. 104; affd., 132 Fed. (2d) 775.

This petitioner filed returns for each year which he swears are correct reflections of his tax liabilities. The Commissioner thinks otherwise. A loose-leaf book kept by the taxpayer is in evidence. It purports to begin at some time in 1934 and some entries were made for the later taxable years here in question. It is not a full, complete, and accurate record of all of the business transactions of the petitioner for the period just mentioned, for any of those years, or of the transactions referred to in the book. The taxpayer himself did not rely upon it as a full and complete record of his business transactions for any year. Much of his income is not shown in that book. The Commissioner examined it and all other data submitted by the petitioner but, with reason, was not satisfied. No records of the taxpayer which fairly show his income for the years here in question are available. The Commissioner, as he had a right to do in such a situation, looked elsewhere for information in regard to the petitioner's income. The petitioner does not contend that the bank and brokerage records relied upon by the Commissioner are inaccurate. He has testified that any amount which came into his wife's account from him must necessarily have come from his earnings.

The statutes covering these years define gross income as including "gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." Sec. 22 (a), Revenue Act of 1928, and similar provisions in later acts. The Commissioner has shown clearly that the petitioner received and retained, used for his benefit, or gave to his wife large amounts in each year, he received those amounts from others, and he received them as a result of his efforts in the transaction of business carried on by him for gain or profit. Such amounts were income under the broad definition of section 22 (a) and the petitioner is charged with knowledge of that fact. Cf. *Russell C. Mauch*, 35 B. T. A. 617; affd.,

113 Fed. (2d) 555; *Robert Burd*, 19 B. T. A. 734. He was required by law to report all of that income on his returns. He failed to do so. The amounts involved could not possibly have been overlooked. His returns were all false. The irresistible inference from the facts in this record is that the petitioner intended his returns to be false and fraudulent, to evade the tax lawfully due from him. The respondent contends that he has fully sustained the burden of proof cast upon him and that he has made at least a *prima facie* case by clear and convincing proof. He argues that the petitioner has failed to refute or rebut this evidence. Cf. *Joseph Calafato*, 42 B. T. A. 881; affd., 124 Fed. (2d) 187; *Oliver v. United States*, 54 Fed. (2d) 48.

The petitioner is not a person who could fail to understand what the law requires of him under the circumstances of this case. He is a lawyer who has practiced his profession for many years. He is experienced not only in the field of law, but also in business. He has failed to show that any part of any deficiency herein was erroneous. Indeed, it is significant that he did not make a genuine effort to allege or prove facts to show any error on the part of the Commissioner. He has never explained satisfactorily the large amounts which got into his hands but not into his tax returns. We have found as a fact from the entire record that each of the returns for the ten years here in question was false and fraudulent, with intent to evade tax, and we have found further as a fact that a part of each deficiency involved herein is due to fraud with intent to evade tax.

*Decision will be entered under Rule 50.*