John F. Novatney v. Commissioner.
Novatney v. Commissioner
Docket No. 16644.
United States Tax Court
1949 Tax Ct. Memo LEXIS 59; 8 T.C.M. (CCH) 877; T.C.M. (RIA) 49238; September 30, 1949
*59 During the taxable years 1943, 1944, and 1945, all of the petitioner's income from his dental practice was recorded in his business books and records. Petitioner's wife, in compiling summaries of income and expenses from such books and records for each of those years, inadvertently omitted that part of petitioner's income which wasrecorded in the books of petitioner's oral hygienist. Petitioner's accountant thereafter in preparing the returns for the taxable years used the figures as supplied by petitioner's wife and petitioner executed the returns as so prepared. Held: 1. That no part of any deficiency for each of the taxable years in question is due to fraud with intent to evade tax. 2. Where the respondent fails to reduce to writing and file an oral motion to amend his pleadings as required by Rule 17 of the Court's Rules of Practice, his oral motion does not serve to raise the issue of negligence and the five per cent addition to tax provided for by section 293 (a) of the Internal Revenue Code may not be imposed. M. C. Parrish & Co., 3 T.C. 119; Louis Halle, 7 T.C. 245. George D. Rager, Esq., Schofield Bldg., Cleveland, *60 Ohio, for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in income tax for the calendar years 1943, 1944, and 1945, and for each year has imposed a 50 per cent addition to the tax for fraud. The deficiencies and additions to tax as determined by the respondent are as follows: Addition
Year
Deficiency
to Tax
1943
$ 3,272.20
$ 1,636.10
1944
23,035.07
11,517.54
1945
17,736.60
8,868.30
$44,043.87
$22,021.94
Petitioner has abandoned claims raised in his petition for a deduction arising from an alleged loss by embezzlement in each taxable year and admits liability for the deficiencies in the amounts determined by the respondent in the notice of deficiency. The sole issue raised by the petitioner in this proceeding is whether the respondent was correct in imposing a so-called 50 per cent fraud penalty in respect to the deficiency in tax for each year. Findings of Fact The petitioner, Dr. John F. Novatney, is a resident of Rocky River, Ohio, who has been active since 1924 in the practice of dentistry in Cleveland, *61 Ohio. Petitioner's income tax returns for the calendar years 1943, 1944, and 1945 were filed with the collector of internal revenue for the 18th district of Ohio, at Cleveland, Ohio. Petitioner experienced a large increase in his practice during the years 1943, 1944, and 1945 and during this period treated some 50 or 60 patients daily, scheduling appointments as early as seven o'clock in the morning and as late as eight o'clock in the evening and working as long as 15 or 16 hours per day. For some time prior to 1943 and throughout the years in question petitioner regularly employed an oral hygienist on a salary basis. Due to the expansion of his practice, petitioner in 1943 increased his staff by the addition of a secretary to assist in the handling of his appointments and business records and a laboratory technician to make plates and bridges. Prior to 1941, the petitioner maintained his business records in a large book, the pages of which were ruled off in columns for the listing of appointments and receipts. In 1941, he instituted a new type of daily record, hereinafter referred to as daily appointment sheets, consisting of a long yellow sheet ruled off in columns labelled *62 "Name of Patient", "Time of Appointment", "Date", "Service Rendered", and "Fees". Petitioner also maintained individual ledger sheets to which the services rendered and the fees charged each patient were transferred from the daily appointment sheets. Petitioner fixed the fee charged in each case and personally entered it on the daily appointment sheets. Beginning in 1943 and throughout 1944 and 1945 the appointments and fees of the oral hygienist in the petitioner's office were recorded in a separate bound diary book. As the volume of the petitioner's practice increased it was found that the daily appointment sheets were not sufficiently large to accommodate the record of each day's business and payments on account which were received from patients for prior treatment. For this reason petitioner instructed his secretary in October, 1943, thereafter to enter the overflow of his daily receipts in the diary book of the oral hygienist. Such receipts were not entered in the diaries of the oral hygienist except on those days when the daily appointment sheets no longer provided space for further entries. Petitioner's income and expenses were regularly and accurately recorded by petitioner *63 and his employees throughout the taxable years in question. Petitioner's secretary each day totaled the receipts for the previous day as disclosed by the daily appointment sheet and the hygienist's diary. Each day's receipts, so determined, were placed in a small envelope provided for that purpose, and the total receipts, the amount of cash and checks, and the date were written by her on the outside. The envelopes were then turned over to the petitioner who locked them in his desk at the office. Petitioner did not make regular deposits of his business receipts but allowed the envelopes to accumulate in the office. From time to time, he would take them home to his wife who totaled the receipts and sorted the checks according to the banks upon which they were drawn. Petitioner would then bring the cash and checks back to his office and instruct one of his employees, usually his secretary, to deposit the funds in his bank accounts. Petitioner determined the amount to be deposited, the bank accounts in which deposits were to be made, and kept the pass books in his own possession. Petitioner maintained bank accounts during the taxable years 1942, 1943, 1944, and 1945 in which he had *64 funds on deposit as of the end of each year in the following amounts: 1942
1943
1944
1945
Commercial accounts: 1. Nat'l. City Bank - Spl.
0
0
0
$ 2,292.06
2. Nat'l. City Bank
$ 954.64
$ 7.10
$ 492.99
5,563.61
Savings accounts: 1. Nat'l. City Bank - #93925
5,404.18
19,409.50
32,029.03
42,785.33
2. Nat'l. City Bank (Spl.) #96138
8,658.80
19,562.64
36,757.74
45,171.63
3. Morris Plan Bank - #21310 (Bank of Ohio)
3,630.87
5,454.53
6,324.78
10,381.47
All of petitioner's personal and business expenses during the years in question were paid by checks drawn on his commercial accounts, except for small items paid from a petty cash account. No separate books or ledger accounts were maintained for business expense other than a payroll record. In preparation for the filing of his income tax returns for the years 1943 to 1945, inclusive, petitioner in each year collected his business records, consisting of cancelled checks, check stubs, paid bills, the daily appointment sheets, and the oral hygienist's diary book and took them home to his wife from which she compiled a recapitulation of receipts and deductible expenses for the use of *65 the petitioner in preparing his income tax returns. Petitioner's wife who had some business training and had worked for more than a year with the Union Pacific Trust Company in Cleveland prior to her marriage had performed this service in prior years for the petitioner. The figures determined by his wife were turned over by the petitioner to an accountant for the preparation of his income tax returns. The work sheets of petitioner's wife consisted of careful and accurate tabulations of the petitioner's monthly receipts and expenses. The accountant employed by the petitioner at no time questioned the wife in regard to the figures presented to him for use in preparing petitioner's returns for 1943, 1944, and 1945, nor did he in any year examine the petitioner's books and records. After the tax return for each of the years in question was prepared, the accountant delivered it to the petitioner's office where it was signed by the petitioner and a check was drawn, payable to the collector, in the amount of the tax shown to be due on the return. The gross income reported by the petitioner in each of the years 1938 to 1945, inclusive, was as follows: 1938
$26,028.01
1939
31,000.00 (approx.)
1940
34,000.00 (approx.)
1941
37,660.00 (approx.)
1942
43,000.00 (approx.)
1943
53,862.49
1944
54,584.51
1945
69,467.42
*66 In May, 1946, the respondent dispatched an agent to the petitioner's office for the purpose of checking an error in the computation of depreciation claimed by the petitioner in his 1944 tax return. Petitioner was cooperative and produced copies of his returns for prior years, his bank books, the daily appointment sheets, the diary books, and all of the other records of his practice, for the use of the agent in his investigation. In the course of his investigation, the agent noted the increase of petitioner's bank deposits and informed the petitioner that a preliminary check revealed that an estimated $10,000 had been omitted from his 1943 return and $30,000 from his 1944 return. The petitioner immediately reexamined his books and records and verified the agent's suggestion that certain income had been omitted from his 1943 and 1944 returns. Petitioner thereafter advised the agent of the reason for the understatements in each year and informed him that a similar omission would be found in his 1945 return. Petitioner's correct gross income and the understatement of gross income as reported in his tax return for 1943, 1944, and 1945 were as follows: 1943
1944
1945
Correct Gross Income
$58,760.40
$85,686.21
$91,942.17
Reported Gross Income
53,862.49
54,584.51
69,467.42
Understatement of Income
$ 4,897.91
$31,101.70
$22,474.75
*67 The income tax returns filed by the petitioner for the years 1943, 1944, and 1945 reported only that part of petitioner's income which was contained in the daily appointment sheets, as petitioner's wife in preparing the summaries of receipts and expenses for each year failed to include therein the income recorded in the diary of the oral hygienist. The understatement of the petitioner's income in his 1943 and 1944 returns represented the exact amount of the receipts which had been recorded in the diary book of the oral hygienist. The income omitted from petitioner's 1945 return was the exact amount of the fees entered in the hygienist's diary for that year, plus an additional sum of exactly $4,000. There was no appreciable increase in petitioner's living expenses during the years in question, and his standard of living was substantially the same as in prior years. Petitioner made no large or unusual purchases, nor did he make investments in securities or real estate other than U.S. Savings Bonds. The petitioner concedes the correctness of the respondent's determination of the understatement of income and deficiency in tax for each of the taxable years 1943, 1944, and 1945 and *68 has paid substantially all of the deficiencies totaling $44,043.87. No part of any deficiency due for each of the taxable years 1943, 1944, and 1945 is due to fraud with intent to evade tax. Opinion ARUNDELL, Judge: The sole question presented is whether the deficiencies in tax, which petitioner concedes have been correctly determined by the respondent for the years 1943, 1944, and 1945, were due to fraud with intent to evade tax within the meaning of section 293 (b) of the Internal Revenue Code. To sustain the imposition of a so-called 50 per cent fraud penalty, the Commissioner must show by clear and convincing evidence that part of the deficiency in each taxable year was due to fraud with intent to evade tax. Fraud as used in section 293 (b) has been defined as actual, intentional wrong-doing with the specific intent or purpose of avoiding a tax believed to be owing. Mitchell v. Commissioner, 118 Fed. (2d) 308; Guaranty Trust Co. v. United States, 44 Fed. Supp. 417; William W. Kellett, 5 T.C. 608, 618. In the absence of direct evidence of taxpayer's intention, fraud must be determined on the basis of all material *69 facts and circumstances which serve to disclose the taxpayer's true intent. M. Rea Gano, 19 B.T.A. 518, 533; Wallace H. Petit, 10 T.C. 1253, 1257. Fraud is never to be presumed, nor may it be founded on mere suspicion. Griffiths v. Commissioner, 50 Fed. (2d) 782; Sharpsville Boiler Works Co., 3 B.T.A. 568. Fraud does not embrace mistake, and negligence, whether great or slight, is not equivalent. Mitchell v. Commissioner, supra; William W. Kellett, supra; Harold B. Franklin, 34 B.T.A. 927. Petitioner's explanation for the omissions of income from his returns for 1943, 1944, and 1945 is that his wife, through honest mistake, failed to take into account the business receipts recorded in the diary books of the oral hygienist in compiling the recapitulations of income and expenses for the accountant's use in preparing petitioner's tax returns. The record contains no evidence to discredit or refute this explanation. The record discloses no affirmative evidence of fraud. The books and records maintained by the petitioner were simple, complete, and accurate and reflected the omitted income in *70 each year. Petitioner made no effort at any time to conceal his true income from his office staff, his wife, or the revenue authorities, nor did he channel his income into new bank accounts or use it to acquire properties in the name of other persons, all of which are devices commonly recognized as indicia of fraud. During the years in question, petitioner deposited his earnings in established bank accounts from which he paid substantially all of his personal and business expenses. In each of the years in question, petitioner followed his established practice of turning over his business records to his wife for the purpose of having her determine his gross income and deductible expenses. There is no evidence that petitioner sought to conceal the income recorded in the bound diaries. On the contrary, the diaries were turned over to his wife along with other records of his income so that she might correctly compile the figures. The record does not support the conclusion that the petitioner and his wife entered into a fraudulent conspiracy to evade tax by such omissions. We are convinced the mistake was an innocent error and, unfortunately, having once been made, was reported. There *71 is no suggestion that the omission of the $4,000 in 1945 was other than a clerical error, and respondent in his argument on brief does not discuss this item. It was the type of error not appearing in prior returns, and was due either to an error in addition or in transcription of the figures given by petitioner's wife to the accountant. Petitioner cooperated to the fullest extent with the agents of the respondent in determining his correct taxable income for the years involved. We have no doubt from all the facts and circumstances here present that the petitioner was guilty of gross negligence in the preparation and filing of his income tax returns. Although he had complete knowledge of his financial affairs, he apparently left to his wife the matter of computing the figures to be used in his returns and he accepted those figures as they were given to him without check or verification on his part. It is true, as we have already stated, that his wife had been doing this work for years and, except for an occasional minor detail, his return had always been accepted as rendered. Nevertheless, from his personal knowledge of the increased volume of his practice, his bookkeeping system, *72 and his bank accounts, he could have readily detected the errors in his returns if he had personally checked them but, instead, he accepted the figures given him and perfunctorily signed the returns as presented by the accountant without question or investigation. In cases of this character the appearance and manner of the witnesses in testifying have an important bearing on the conclusion to be drawn from their testimony. While we are convinced of the negligence of petitioner, the evidence did not, in our opinion, establish that the omissions of income were deliberate and made with intent to evade tax. At the conclusion of the hearing, the Court suggested that counsel for the respondent ask in the alternative for the five per cent negligence penalty provided by section 293 (a) of the Internal Revenue Code, and counsel thereupon made an oral motion to so amend his pleadings. Since that time, however, respondent has neither produced the motion in writing nor filed it in accordance with Rule 17 of the Court's Rules of Practice. In the circumstances, we have no alternative but to confine ourselves to the issue raised in the pleadings. M. C. Parrish & Co., 3 T.C. 119 *73 Louis Halle, 7 T.C. 245, 248. As it has been uniformly recognized by the Courts that negligence, whether slight or great, does not constitute fraud with intent to evade the tax within the meaning of section 293 (b) of the Internal Revenue Code, the respondent's imposition of a 50 per cent addition to the tax in each of the taxable years is disapproved. Decision will be entered under Rule 50.