Joseph Garfink v. Commissioner. Joseph Garfink and Edith Garfink v. Commissioner.
Garfink v. Commissioner
Docket Nos. 24993, 24994.
United States Tax Court
1952 Tax Ct. Memo LEXIS 276; 11 T.C.M. (CCH) 287; T.C.M. (RIA) 52088; March 31, 1952
*276 Daniel J. Hanlon, Esq., for the petitioners. E. M. Woolf, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined income tax deficiencies and penalties against petitioners as follows: 50 per cent
Petitioner
Docket No.
Period
Deficiency
Penalty
Joseph & Edith Garfink
24994
1942
$ 1,800.00
$ 900.00
1943
7.856.34
4,054.10
Joseph Garfink
24993
1944
25,288.11
12,644.06 The questions are whether respondent erred (1) by including in income amounts expended admittedly in excess of reported receipts and (2) by including in petitioner Joseph Garfink's income for 1944 partnership income received and reported by petitioner Edith Garfink. Findings of Fact Petitioners are husband and wife residing in Baltimore, Maryland. They filed joint income tax returns for 1942 and 1943 with the collector for the district of Maryland; a separate return was filed by petitioner, Joseph Garfink, (hereinafter called petitioner) for 1944. Petitioner has been engaged in the ice cream business since 1923. From that date and continuing through 1944 he has received income from Simco Sales *277 Service of Maryland, partnership income from the Baltimore Concession Company and partnership income from the New Albert Amusement Company. Petitioner's income from 1923 to 1944 totaled $132,257.74 upon which was paid taxes of $22,624.66. He filed his first income tax return in 1935, but no taxable income was reported until 1938. Some of the income received by petitioner from his various enterprises was kept at home or in his safe deposit box at the Baltimore National Bank, Baltimore, Maryland. He had a safe deposit box from 1942 through 1944. He kept a checking account but did not deposit all money in that account. Petitioners expended $4,431.40 in excess of their reported income for 1942, and expended $13,327.28 in excess of their reported income for 1943. Petitioner expended $25,549.49 in excess of his reported income for 1944. During the years 1942, 1943, and 1944, petitioner visited his safe deposit box about two or three times a month for the purpose of putting in or taking out cash. The most money he had at one time in his safe deposit box was about $30,000. Petitioners' accountant was given information by petitioners that they had sufficient money to invest $4,431.40 *278 in a business in 1942, and also to invest in the Baltimore Concession Company. Petitioner Edith Garfink had an "interest" in a partnership which she purchased. Petitioner gave her some of the money to purchase it. Among the several adjustments respondent made to petitioners' reported net income were items denominated "additional income" of $4,431.40 and $13,327.28 in the years 1942 and 1943, respectively. A similar item of $25,549.49 was added to petitioner's net income for 1944. These additions were explained as representing expenditures in excess of receipts. Another addition to petitioner's reported net income for 1944 was an item of $9,843.69 denominated "Partnership income understated." It was explained that "The amount of $5,960.81 reported in the return of Mrs. Edith Garfink is included in the above item." The 50 per cent penalty was asserted under the provisions of section 293(b) of the Internal Revenue Code. Opinion As to any part of the deficiencies determined, it is impossible to conclude that petitioners have sustained their burden of proof. We have made all the findings requested by them. On the first issue, it thus appears that petitioner *279 had a safe deposit box in which, together with other repositories, he kept cash totaling at some time as much as $30,000; that he visited the box on a number of occasions to leave or withdraw money; and that over a number of years he had earned an amount adequate to provide possible savings greater than the conceded excess expenditures. But in the face of respondent's determination that the amounts petitioner spent during the tax years over and above petitioner's reported income was likewise from such sources as to make it taxable as petitioner's income, the meager facts stated will not suffice. Giving them their greatest weight, they lead only to the conclusion that the excess expenditures could have come from savings. The opposite conclusion is equally possible from the same facts. There was not even a pro forma denial by petitioner on the stand. In such a situation the burden of proof is not sustained by the party upon whom it rests. See Nathan Cohen, 7 T.C. 1002, 1011. Even less can be said of the evidence as to the partnership income reported by the wife and attributed by respondent to the husband. There is nothing in the record which throws any light on the facts *280 respecting this income, save that the wife is said to have purchased an interest in the business with funds supplied in part by her husband. None of the other considerations enumerated in the authoritative test of Commissioner v. Culbertson, 337 U.S. 733, are even alluded to. Considering the "heavy burden" resting upon petitioners in such a case as this, there is even less warrant for failing to sustain respondent's determination. No issue has been raised as to fraud penalties if the deficiencies are approved. That aspect of the case hence requires no further consideration. Louis Halle, 7 T.C. 245, affirmed (C.A. 2), 175 Fed. (2d) 500, certiorari denied, 338 U.S. 949. Decisions will be entered for the respondent.