Harold G. Thompson v. Commissioner.
Thompson v. Commissioner
Docket No. 58265.
United States Tax Court
T.C. Memo 1958-7; 1958 Tax Ct. Memo LEXIS 229; 17 T.C.M. (CCH) 26; T.C.M. (RIA) 58007; January 22, 1958
*229 Upon failure to prosecute, held, the deficiencies in income tax, and additions to the tax under section 294(d)(1) and (2), I.R.C. of 1939, for the years 1945 through 1951, are sustained. Upon the evidence, held, a part of the deficiencies in income tax for the years 1945 through 1951 was "due to fraud with intent to evade tax" as that phrase is used in section 293(b), I.R.C. of 1939. Arthur N. Nasser, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: The respondent determined deficiencies in income tax and additions to the tax for the taxable years ended December 31, 1945, to December 31, 1951, inclusive, as follows: Additions to the Tax Under
Sec. 294
Sec. 294
Year
Deficiency
Sec. 293(b)
(d)(1)
(d)(2)
1945
$3,751.64
$1,875.82
$335.95
$223.96
1946
3,826.09
1,913.05
342.58
228.39
1947
3,610.00
1,805.00
323.28
215.51
1948
6,825.81
3,412.90
609.01
406.01
1949
5,264.33
2,632.16
470.59
313.73
1950
598.59
299.30
50.07
33.37
1951
2,470.27
1,235.14
214.56
143.04
*230 No appearance was made for the petitioner and no evidence was offered upon his behalf. Therefore, all of the deficiencies and additions to the tax under section 294(d)(1) and (2) are sustained. The only question remaining for our decision is whether any part of the deficiencies is "due to fraud with intent to evade tax" as that phrase is used in section 293 (b), I.R.C. of 1939. Findings of Fact Petitioner is an individual residing in Chicago, Illinois. He filed his tax returns for the taxable years ended December 31, 1945, to December 31, 1951, inclusive, with the then collector of internal revenue for the first district in Chicago. During the period from approximately 1936 through 1951, petitioner was employed by the State of Illinois as a food and meat inspector. On his returns filed for the years 1945 through 1951, petitioner reported his salary, deductions, and net income as follows: Taxable
Deduc-
Net
Year
Salary
tions
Income
1945
$2,964
$379.49
$2,584.51
1946
3,108
404.93
2,703.07
1947
3,264
420.62
2,843.38
1948
3,570
539.32
3,030.68
1949
3,780
581.42
3,198.58
1950
3,996
627.16
3,368.84
1951
4,051
753.82
3,297.18
*231 In addition to his salary, petitioner derived taxable income during the taxable years involved from dividends, interest on U.S. Savings Bonds, and the sale of stocks in the form of capital gains in the following amounts: Capital Gains
Taxable
Divi-
(Taxable
Year
dends
Interest
Portion)
1945
$ 110.00
$ 5.60
$ 487.19
1946
None
None
279.15
1947
415.00
None
None
1948
1,240.00
None
None
1949
1,530.00
None
None
1950
2,035.00
5.00
20.67
1951
787.75
205.00
2,768.35
Total
$6,117.75
$215.60
$3,555.36
Petitioner failed to report the receipt of such additional income on his income tax returns although aware of its taxable nature. Respondent determined that petitioner had other income in addition to the abovementioned dividends, interest, and capital gains which he failed to report on his returns for the taxable years in question, in amounts as follows: Other
Taxable
Unreported
Year
Income
1945
$10,119.40
1946
11,747.71
1947
11,029.23
1948
17,873.37
1949
14,214.68
1950
150.99
1951
4,311.18
Total
$69,446.56
Respondent's determination of the abovementioned other income was made by an *232 analysis of petitioner's increments in net worth, plus nondeductible expenditures, less the specific omissions of income heretofore mentioned for dividends, interest, and capital gains. In arriving at this net worth statement, the investigating agents for the respondent canvassed several banking and loan institutions, stock brokerage firms, the Bureau of Public Debt, third parties with whom petitioner had business transactions and also consulted with petitioner personally and secured statements from him under oath. During the taxable years in question, petitioner had accounts with the brokerage firms of Enyeart Van Camp, Hornblower & Weeks, and Norris & Kenly. Petitioner made deposits with the Uptown National Bank of Chicago during the period from August 31, 1946, through 1951, in total amounts as follows: Year
Total Deposits
1946
$ 5,453.97
1947
6,544.51
1948
8,742.33
1949
8,287.52
1950
8,907.78
1951
36,609.76
Total
$74,545.87
In 1956, petitioner was convicted and sentenced for wilfully attempting to evade and defeat the payment of his proper income taxes for the years 1949 through 1951 in violation of section 145(b), I.R.C. of 1939. Petitioner *233 was born in 1898. He married Mabel Craelius about 1921. A daughter was born of this marriage. Petitioner and his first wife were divorced about 1937, at which time petitioner married Mrs. Mamie Johnson. Prior to this marriage petitioner and Mamie entered into an antenuptial agreement dated August 27, 1937, wherein it was recited that Mamie, as first party, was the owner of an undivided interest in certain real property situated in Chicago and about $17,500 worth of personal property; that each party had a child by a former marriage, and that it was mutually agreed that if petitioner, the second party, shall survive the first party, "the second party shall not, as surviving spouse, make any claim to any part of the estate of which the First Party may die seized or possessed * * *." On February 1, 1951, Mamie filed a complaint in the Superior Court of Cook County asking for a divorce. An amended complaint for divorce was filed on February 19, 1951. In paragraph 7 of the amended complaint it was alleged that the plaintiff had loaned "the defendant Harold G. Thompson large sums of money, and paid out large sums of money for his benefit, totalling approximately Twenty-five Thousand Dollars *234 ($25,000.00)." This allegation was denied in the answer filed by the defendant on April 17, 1951. On May 22, 1951, the court handed down its decree, granting the divorce and made a finding "that by Stipulation and Agreement, the Plaintiff, Mamie F. Thompson, agrees to accept Three Thousand ($3000.00) Dollars, as a cash settlement in lieu of all alimony, past, present and future." Petitioner, in a conversation with one Arthur L. Israel, stated to Israel that he (petitioner) never reported income from stocks and capital gains because "once you get on the books, you are hooked." On August 4, 1953, petitioner and his then lawyer, Edward Stasukaitis, met with three of respondent's special agents in the agent's office in Chicago and over 20 pages of petitioner's sworn testimony were taken concerning petitioner's Federal income tax liability for the years 1947 to 1951, inclusive. At this conference it was disclosed to petitioner that during the course of the investigation actual unreported income had been uncovered and petitioner was asked if he had any statement to make other than what he had already stated, to which petitioner replied in the negative. Petitioner did not maintain any *235 books or records of his income-producing activities. Petitioner's net income, as shown on his returns for each of the years 1945 through 1951, was grossly understated. At least a part of the deficiency for each of the taxable years here involved was due to fraud with intent to evade tax. Opinion Petitioner has offered no proof as to the correctness of his assignments of error set out in the petition. We, therefore, sustain the respondent's determination of the deficiencies herein, together with the additions to the tax under section 294(d)(1) and (2), I.R.C. of 1939, for lack of proof. Louis Halle, 7 T.C. 245, affd. (C.A. 2, 1949) 175 Fed. (2d) 500, certiorari denied (1950) 338 U.S. 949. As to the addition to the tax under section 293(b), I.R.C. of 1939, [1] the respondent has the burden of proof. Section 1112, I.R.C. of 1939. The evidence of fraud offered by the respondent must be "clear and convincing." Charles E. Mitchell, 32 B.T.A. 1093, 1128; Joseph V. Moriarty, 18 T.C. 327, affd. (App. D.C., 1953) 208 Fed. (2d) 43. Cf. Holland v. United States, 348 U.S. 121. *236 Respondent has shown that in each of the taxable years here involved petitioner failed to report substantial amounts of income received in those years. Petitioner was confronted with such findings by special agents of the respondent at a conference held in respondent's office in 1953 where petitioner was represented by counsel and over 20 pages of sworn testimony by petitioner were taken. At this 1953 conference petitioner could give no explanation for this additional income other than that his wife had given him about $25,000 during their married life. In 1951, however, when petitioner filed his answer to his wife's amended complaint for divorce, he specifically denied that he had ever received large sums of money from his wife. We cannot, therefore, accept petitioner's only explanation for his comparatively large increment in wealth, made at the 1953 conference. In the criminal case where proof of the taxpayer's attempt to defeat or evade tax under section 145(b), I.R.C. of 1939, must be beyond a reasonable doubt, the United States District Court for the Northern District of Illinois, Eastern Division, found the petitioner guilty of filing false and fraudulent income tax returns *237 for the years 1949 through 1951. looking at the entire record, we think the evidence offered by the respondent is clear and convincing that a part, if not all, of the deficiencies here in question was due to fraud with intent to evade tax and we so hold Decision will be entered for the respondent. Footnotes
1. SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. (b) Fraud. - If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid * * *.↩