Philip C. Goldberg v. Commissioner.
Goldberg v. Commissioner
Docket No. 62977.
United States Tax Court
T.C. Memo 1958-187; 1958 Tax Ct. Memo LEXIS 39; 17 T.C.M. (CCH) 939; T.C.M. (RIA) 58187; October 24, 1958
*39 Held: 1. Respondent's determination of petitioner's business income by the bank deposits method, sustained. 2. Petitioner has failed to show his right to deductions for medical expenses, interest, taxes and contributions in amounts greater than the standard deduction allowed by respondent. 3. The deficiency for each of the years involved was due at least in part to negligence or intentional disregard of rules and regulations within the meaning of section 293(a), I.R.C. 1939. Philip C. Goldberg, 194 Middle Street, Bridgeport, Conn., pro se. Raymond T. Mahon, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Addition to Tax
Sec. 293(a)
Year
Deficiency
I.R.C. 1939
1948
$448.42
$22.42
1949
240.00
12.00
1950
248.00
12.40 The following issues are presented: (1) Whether petitioner understated the income from his wholesale and retail dry goods business in the amounts of $4,758.62, $3,085.03 and $4,417.35 during the years 1948, 1949 and 1950; (2) whether petitioner is entitled to deductions *40 for expenses incurred in payment of medical expenses, interest, taxes and contributions in amounts greater than the standard deduction allowed by respondent; (3) whether any part of the deficiency for each of the years involved was due to negligence or intentional disregard of the rules and regulations within the meaning of section 293(a), Internal Revenue Code of 1939. Findings of Fact During the years here involved, the petitioner, Philip C. Goldberg, resided in Bridgeport, Connecticut. He filed his individual income tax return for each of the years involved with the collector of internal revenue for the district of Connecticut. During such years, petitioner operated a wholesale and retail dry goods business in the thirdfloor loft of a building in Bridgeport. He maintained his only business banking account in the Bridgeport City Trust Company (hereinafter referred to as the bank). The petitioner maintained savings accounts in at least three banks: Bridgeport People's Savings Bank, The Emigrant Industrial Savings Bank and the Bowery Savings Bank. On various occasions, petitioner transferred money from such savings accounts to his business account. He also withdrew money from such *41 savings accounts to pay for certain personal expenses, including principal and interest on the mortgage on his new home. Respondent's agent visited petitioner's place of business in 1952 and requested his books and records. Petitioner kept no regular books of account. He kept some duplicate deposit slips of amounts deposited in the bank. Petitioner kept no ledger account of amounts received in cash or checks. His only record kept of receipts was a list of accounts receivable which did not purport to be all-encompassing. After examining his records, respondent's agent computed petitioner's taxable income on the bank deposits and disbursements method. Respondent's computation of petitioner's income by such method for each of the years involved was performed generally in the following manner. The first item considered was the total annual deposits in petitioner's bank account. From this item he subtracted all amounts determined to have been transferred from savings accounts or other nonbusiness sources. He then added the amount of $2,860, which amount was determined to represent the amount of business receipts which petitioner received during the year, used for living expenses and never *42 deposited. He then added an amount which was determined to represent the annual business receipts received in cash, expended for business purposes and never deposited. The amount determined as a result of the abovedescribed computation was determined to represent actual annual receipts. From his amount respondent deducted all check disbursements from the bank account less those amounts of disbursements which were determined to represent capital, personal or nonbusiness items. He also deducted an amount identical to that referred to above, which he had determined as representing cash business expenses. The result of such deductions from actual receipts was the amount of annual net income from business as determined by respondent. Respondent's computation of petitioner's income by the bank deposits method as disclosed in "Exhibit A" attached to the notice of deficiency is as follows: Exhibit "A"
1948
1949
1950
Per bank deposits
$25,305.65
$13,165.00
$11,325.31
Less transfer from savings
641.89
1,205.00
433.13
Net deposits - Sales
$24,663.76
$11,960.00
$10,892.18
Add to sales: $55 per week living expenses never deposited
$ 2,860.00
$ 2,860.00
$ 2,860.00
Cash business expenditures
4,758.74
8,338.82
822.51
Actual receipts
$32,282.50
$23,158.82
$14,574.69
Deduct: Total disbursements by check
$26,394.57
$11,906.70
$11,737.19
Less capital expense: New auto
(1,136.64)
(24.75)
Personal or nonbusiness
(3,166.23)
(1,140.80)
(2,104.56)
Business purchases by check
$22,091.70
$10,741.15
$ 9,632.63
Add business expenses by cash
4,758.74
8,338.82
822.51
Expenditures reported
$26,850.44
$19,079.97
$10,455.14
Net income from business
$ 5,432.06
$ 4,078.85
$ 4,119.55
Actual Adjustment
Receipts per return
$27,568.38
$19,475.66
$11,560.40
Receipts reconstructed
32,282.50
23,158.82
14,574.69
Additional receipts
$ 4,714.12
$ 3,683.16
$ 3,014.29
Recapitulation of Business Purchases
Additional receipts
$ 4,714.12
$ 3,683.16
$ 3,014.29
Reduction of increase of costs by inventory
change shown in return (elimination)
44.50
(598.13)
1,403.06
Net increase to income
$ 4,758.62
$ 3,085.03
$ 4,417.35
Net business income reported
673.44
993.82
(297.80)
Net business income determined
$ 5,432.06
$ 4,078.85
$ 4,119.55
*43 In making such computation, respondent did not take into consideration any amounts withdrawn by petitioner from savings accounts unless they were redeposited in the petitioner's business account. On his income tax returns for the years involved, petitioner reported the following items: 1948
1949
1950
Total receipts
$27,568.38
$19,475.66
$11,560.40
Opening inventory
1,075.00
1,030.50
1,628.63
Closing inventory
1,030.50
1,628.63
225.57
Net cost of goods sold
24,242.35
16,627.28
10,840.54
Gross profit
3,326.03
2,848.38
719.96
Other deductions
2,657.59
1,854.56
1,017.76
Net profit (loss)
673.44
993.82
(297.80) On his returns the petitioner did not itemi0e expenses incurred in payment of medical expenses, interest, taxes or contributions. In computing petitioner's income tax liability for each of the years involved, respondent allowed the standard deduction. Respondent determined that petitioner had income in addition to that stated on his returns in the amounts of $4,758.62, $3,085.03 and $4,441.35 [1] for the years 1948, 1949 and 1950, respectively. *44 The deficiency for each of the years involved was due at least in part to negligence or intentional disregard of rules and regulations. Opinion This case involves respondent's reconstruction of petitioner's income on the socalled "bank deposits method" and his determination of deficiencies on the basis thereof. Although petitioner's arguments are rather difficult to follow, it appears that he disputes the propriety of respondent's use of the bank deposits method and, alternatively, respondent's application of such method to the facts. The record shows that petitioner did not keep and maintain books of account which in any manner reflected all the receipts and disbursements in connection with the operation of his business. Apparently the only records in existence with respect to receipts were petitioner's bank statements, some duplicate deposit slips and a record of a small amount of accounts receivable. According to his tax returns, petitioner's dry goods business had annual gross receipts ranging from about $11,000 to $27,000 during the period involved. Where a taxpayer has failed to keep adequate books and records the Commissioner may determine or verify the taxpayer's *45 income from the records or sources that are available. His determination of income by reference to deposits in the taxpayer's bank account has been approved in numerous cases. Herman J. Romer, 28 T.C. 1228; Goe v. Commissioner, 198 Fed. (2d) 851, affirming a Memorandum Opinion of this Court [10 TCM 307,], certiorari denied 344 U.S. 897; Halle v. Commissioner, 175 Fed. (2d) 500, affirming 7 T.C. 245, certiorari denied 338 U.S. 949; Hague Estate v. Commissioner, 132 Fed. (2d) 775, affirming 45 B.T.A. 104, certiorari denied 318 U.S. 787. In the circumstances here presented it was neither arbitrary nor capricious, but clearly proper for respondent to resort to the bank deposits method to determine petitioner's income. As reflected in our findings, respondent determined that petitioner understated his business income for each of the years involved. In computing petitioner's income by the bank deposits method, respondent in effect made no adjustments to the amount of expenses claimed by petitioner on his returns except adjustments to inventory to eliminate *46 the effect of differences between beginning and ending inventory in determining taxable income. Such adjustments amounted to $44.50, $598.13 and $1,403.06 for the years 1948, 1949 and 1950, respectively. [2] The principal adjustments made by respondent were with regard to receipts. It is well settled that the determinations made by the Commissioner are presumed correct, and the burden is upon the taxpayer to establish the contrary. To support his burden, petitioner has placed in evidence a number of schedules purporting to reflect all of the items making up his business receipts and expenses for the years involved. Such schedules, prepared by petitioner for purposes of this proceeding, apparently reflect, at least in part, matters solely within the knowledge of petitioner and which are not a part of his records. He admitted that he had no records to substantiate his claimed inventory and he had no records with respect to receipts except a ledger reflecting some accounts receivable. He has not shown that his duplicate deposit slips reflected all of his receipts, *47 especially as to amounts of cash which he admittedly received but which were not deposited and were used for living expenses. In this posture, such schedules are no more than a documentation of petitioner's self-serving statements and as such are not sufficient to prove error in respondent's determination of business net income. Accordingly, it is sustained. In his petition filed herein, petitioner also assigned error to respondent's use of the standard deduction in computing his income tax liability for each of the years involved. In the schedules filed by petitioner at the hearing he has set forth various amounts which he testified represented expenditures for medical expenses, taxes, interest and contributions. However, he offered no records or other corroborating evidence with respect to such alleged expenditures. In some minor respects corroboration may be found in respondent's schedules relating to disbursements. Petitioner has failed, however, to establish expenditures for each of the years involved in amounts which would entitle him to a deduction greater than the standard deduction allowed by respondent. Respondent's action in this respect is accordingly sustained. Respondent *48 also determined additions to petitioner's tax under the provisions of section 293(a), Internal Revenue Code of 1939. [3] That section provides for an addition to tax "If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations * * *." The burden of establishing that none of the deficiency is due to negligence or intentional disregard of the rules and regulations is upon the taxpayer. David Courtney, 28 T.C. 658. We have found as a fact that the deficiency for each of the years involved was due at least in part to negligence or intentional disregard of rules and regulations. Such finding disposes of this issue in accordance with respondent's determination. *49 Decision will be entered for the respondent. Footnotes
1. This amount is the aggregate of additional business income determined and another adjustment not here in dispute.↩
2. The effect of such adjustments was to increase business income for the years 1948 and 1950 and to reduce it for 1949.↩
3. SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. (a) Negligence. - If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272(i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable.↩