Ruth Sterns v. Commissioner. Cy Sterns v. Commissioner.
Sterns v. Commissioner
Docket Nos. 37940, 37941.
United States Tax Court
T.C. Memo 1954-83; 1954 Tax Ct. Memo LEXIS 154; 13 T.C.M. (CCH) 599; T.C.M. (RIA) 54188; June 30, 1954, Filed *154 Petitioner was engaged in the wholesale liquor business in 1943 and 1944. He made sales of liquor at prices in excess of the O.P.A. ceiling. He did not keep any books or records which adequately reflected his receipts and expenditures. His true net income from business in each year was understated in his tax returns in substantial amounts. Held, upon the facts: (1) Respondent was justified in reconstructing petitioner's net income by use of an acceptable method. (2) The amounts of certain business expense deductions incurred and paid by petitioner determined. (3) Part of the deficiency in petitioner's income tax in each year is due to fraud with intent to evade tax. Mr. Sidney R. Reed, 608 South Hill Street, Los Angeles, Calif., for the petitioners. Clayton J. Burrell, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in the petitioners' income tax for 1943 and 1944, and additions thereto for fraud under section 293(b), I.R.C. as follows: 50% addition under
Docket No.
Year
Deficiency
Sec. 293(b), I.R.C.
37940
Ruth Sterns
1943
$51,923.66
$25,961.83
1944
18,970.12
9,485.06
37941
Cy Sterns
1943
49,747.91
24,873.96
1944
18,733.38
9,366.69
*155 The respondent concedes that the questions presented relate to the petitioner, Cy Sterns, only. The petitioner, Ruth Sterns, is involved only because the petitioners report income on the basis of the community property laws of California. In the taxable years, Cy Sterns sold liquor and his operations constituted his business. The respondent has determined that the income earned by Cy Sterns was understated in the returns to the extent of $160,492.21, for 1942, and $75,615.24, for 1943. The issues, in general, are: (1) Whether the Commissioner determined the correct amount of the petitioner's net income from business. (2) Whether the Commissioner erred in disallowing, in whole or in part, certain nonbusiness deductions claimed by petitioners. (3) Whether part of the deficiencies in Docket No. 37941, Cy Sterns, is due to fraud with intent to evade tax. Findings of Fact The facts which have been stipulated, are found as facts, and the stipulation is incorporated herein by this reference. Petitioners, husband and wife, are residents of Los Angeles, California. Each filed individual income tax returns for the years 1943 and 1944 with the collector for the sixth district *156 of California. The returns were filed on a cash-calendar year basis Since the issues presented relate to the business conducted by Cy Sterns, he is referred to hereinafter as the petitioner. In 1943, petitioner, through contacts with various distillers, was able to secure the delivery of quantities of liquor, which was then in short supply. He also had customers for the liquor. He did not have the license or facilities for conducting a wholesale liquor business. In order to facilitate his sales of liquor, he entered into an agreement on October 1, 1943, with the South Pacific Wholesale Company, referred to hereinafter as South Pacific, a wholesale liquor dealer located in Los Angeles. The agreement provided, inter alia, that petitioner was to secure the delivery of liquor from distillers to South Pacific. South Pacific was to pay the invoice price, taxes, and handling charges on each shipment, make deliveries of the liquor to the petitioner's customers, and, after deducting its fee, was to account to the petitioner for all profits realized. For its services, South Pacific was to receive a fee of $2 a case. During 1943 and 1944, South Pacific handled 13,344 cases of liquor for *157 the petitioner pursuant to the agreement. In some instances petitioner's customers paid South Pacific for the liquor, in other instances they paid the petitioner directly. Payments were made both by check and in cash. During 1943 and 1944, the petitioner sold liquor at prices in excess of the maximum ceiling prices established by the O.P.A. In October 1946, petitioner was convicted in the United States District Court for the Northern District of California of violating the Emergency Price Control Act of 1942, as amended. The offense for which he was convicted occurred in 1944. The petitioner did not keep any books or records of either his business or personal receipts and expenditures. The only record allegedly kept by the petitioner consisted of a loose leaf book which purported to show his sales of liquor at O.P.A. prices, and the amounts of his refunds to customers during 1943 and 1944. The books and records of South Pacific did not reflect the amounts paid by the petitioner's customers either to South Pacific or to the petitioner. The petitioner's net income or loss from business for 1943 and 1944 as reported in his tax returns, and as determined by the respondent are as *158 follows: Reported
Determined by
Year
in return
respondent
1943
$10,204.61
$160,492.21
1944
(2,881.18)
75,615.24
In 1943 and 1944, the petitioner deposited in various banks in Los Angeles business receipts totaling $211,214.68, and $76,088.91, respectively. A part of the petitioner's business receipts for each year were not deposited in any bank. The respondent reconstituted petitioner's net income from business as follows: He included as gross income for each year the total of bank deposits plus undeposited checks and cash, after making allowance for such identifiable nonincome items as loans, redeposits, and transfers from one bank account to another. He allowed deductions in each year from the gross income thus determined for substantiated business expenses. The respondent was justified in reconstructing petitioner's net income from business by use of an acceptable method. The following items included by the respondent in petitioner's gross income from business for 1943 did not constitute income to the petitioner: Item
Amount
Checks from South Pacific payable
to H. P. Hanthorn
$ 2,908.74
Mike O'Hara
2,000.00
Funds used by petitioner to pur-
chase a telegraphic money order
25,000.00
Total
$29,908.74
*159 The petitioner is entitled to business expense deductions for 1943, in addition to the amounts allowed by the respondent, for refunds to customers, for cost of merchandise, and for miscellaneous expense as follows: Amount
Amount
allowed by
paid by
Addit'nal
Item
respondent
petitioner
deduction
Refunds to
customers
$ 29,564.70
$ 41,620.35
$12,055.65
Cost of mer-
chandise
97,637.91
129,360.34
31,722.43
Miscellaneous
expense
2,681.74
2,681.74
Totals
$127,202.61
$173,662.43
$46,459.82 The petitioner made refunds in cash in the amount of $10,465.35, and by check in the amount of $31,155., or a total of $41,620.35. In 1943 the petitioner's net income from business was not less than $91,749.30. The following items included by the respondent in petitioner's gross income from business for 1944 did not constitute income to the petitioner: Item
Amount
Loans to petitioner
$10,450
Bank deposit in n/o
Mrs. H. P. Hanthorn
2,538
$12,988
The petitioner is entitled to business expense deductions for 1944, in addition to the amounts allowed by the respondent, for refunds to customers, for cost of merchandise, and for *160 miscellaneous expense as follows: Amount
Amount
allowed by
paid by
Addit'nal
Item
respondent
petitioner
deduction
Refunds to
customers
$10,140.00
$13,638.35
$ 3,498.35
Cost of
merchandise
45,695.65
55,218.35
9,522.70
Miscellaneous
expense
7,204.69
7,204.69
Totals
$55,835.65
$76,061.39
$20,225.74
The petitioner made refunds in cash in the amount of $3,900, and by check in the amount of $9,738.35. In 1944 the petitioner's net income from business was not less than $46,301.50. Petitioners paid medical expenses in 1944 in the amount of $1,575.08. The petitioners are not entitled to any nonbusiness expense deductions for taxes or charitable contributions in 1944. Part of the deficiency in Docket No. 37941, Cy Sterns, for each of the years 1943 and 1944 is due to fraud with intent to evade tax. No part of the deficiency in Docket No. 37940, Ruth Sterns, for each of the years 1943 and 1944 is due to fraud with intent to evade tax. Opinion The petitioner did not keep any regular books of account reflecting either his business or personal receipts and expenditures. Nor did the records which were kept by South Pacific show *161 the amounts paid in 1943 and 1944 by petitioner's customers either to South Pacific or directly to the petitioner. The petitioner admits that he made several sales of liquor during 1943 and 1944 at prices in excess of the O.P.A. ceiling, and the evidence adduced by respondent establishes that he made other sales at prices in excess of the O.P.A. maximum. He was convicted in 1946 of violating the Emergency Price Control Act of 1942; the violation occurred in 1944. Large sums of money were unquestionably received by petitioner in connection with the operation of his business in 1943 and 1944. These sums were not reflected in any books or records and they were greatly disproportionate to the income reported by petitioner in his tax returns. Under the circumstances, the respondent was justified in reconstructing the petitioner's income by use of an acceptable method. See Louis Halle, 7 T.C. 247 [245], affd. 175 Fed. (2d) 500, certiorari denied 338 U.S. 949; Max Cohen, 9 T.C. 1156, affd. 176 Fed. (2d) 394; Arlette Coat Co., Inc., 14 T.C. 751. The petitioner has the burden of establishing substantial error *162 in the respondent's reconstruction of income. This he has not done. We are not impressed with the petitioner's testimony. With a few exceptions, he has failed to come forward with any convincing evidence that the substantial sums which were admittedly received by him in 1943 and 1944 constituted anything other than taxable income to him. Petitioner did establish by creditable evidence that a few items included as income by the respondent in each of the years 1943 and 1944 were nonincome items. Also, that he is entitled in each year to larger deductions for cost of goods sold, for refunds to customers, and for miscellaneous business expenses than were allowed by respondent. Petitioner is entitled to deductions for the above items in amounts as set forth in the Findings of Fact. In all other respects, the respondent's determination of the deficiencies is sustained for failure of proof. The respondent has the burden of proving fraud by clear and convincing evidence. He has met that burden. We are satisfied from all of the evidence and the record that part of the deficiency in the petitioner's income tax for each of the years 1943 and 1944 is due to fraud with intent to evade tax. *163 Respondent concedes that the fraud penalty should not be imposed in Docket No. 37940, petitioner, Ruth Sterns. Decisions will be entered under Rule 50.