Ruth STERNS, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

Cy STERNS, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 14740.

United States Court of Appeals
Ninth Circuit.

June 19, 1956.

Orville W. McCarroll, Los Angeles, Cal., for petitioner.

Charles K. Rice, Asst. Atty. Gen., I. Henry Kutz, Lee A. Jackson, Harry Baum, Karl Schmeidler, Sp. Assts. to Atty. Gen., for respondent.

Before HEALY and LEMMON, Circuit Judges, and HAMLIN, District Judge.

LEMMON, Circuit Judge.

These petitions for review involve Federal income taxes for the taxable years 1943 and 1944, payable by the petitioners, who were husband and wife. Cy Sterns died on November 1, 1955, after the transcript of record in the instant case had been filed in this Court.

Cy Sterns filed his return for 1943 showing an income and victory tax liability of $2,372.23. For 1944 his return showed no income and victory tax liability, but showed a loss of $4,124.27.

The return of Ruth Sterns for 1943 disclosed an income and victory tax due amounting to $196.48, of which $52.79 was paid as an estimated tax, leaving a net due of $143.69. For 1944 her return showed no tax due from her. Neither the Commissioner's "Statement" nor the petitioner's brief is entirely accurate in its figure regarding her 1943 tax liability.

The Commissioner of Internal Revenue determined against Mrs. Sterns a deficiency of $51,923.66 for 1943, plus a 50% penalty for fraud, under section 293 (b) of the Internal Revenue Code, 26 U. S.C.A.; and a deficiency of $18,970.12, with a 50% penalty, for 1944.

As to the taxes of Cy Sterns, the Commissioner determined a deficiency of $49,747.91, plus 50%, for 1943, and a deficiency of $18,733.38, plus the 50%, for 1944.

The petitioners refused to acquiesce in the amounts of the deficiencies and fraud penalties so determined and assessed, and filed timely petitions with the Tax Court of the United States.

In the Tax Court, the Commissioner conceded that the fraud penalty should not be imposed upon Mrs. Sterns. As to the rest, the Tax Court found that in the case of Mrs. Sterns, there were deficiencies for the years 1943 and 1944 of $21,947.43 and $8,222.20, respectively; and that as to Cy Sterns, there were deficiencies of $19,771.68 and $8,016.79 for 1943 and 1944, respectively, together with the 50% "due to fraud with intent to evade tax".

The memorandum findings of fact and opinion of the Tax Court were entered and served on October 26, 1954. The opinion is reported at 13 T.C.M. 599 (Dec. 20,439 M); see also TC Memo Decision par. 54,188, Prentice-Hall.

The petitioners' brief contends that the Tax Court erred in determining their taxable income by using the bank deposit method; that they were only required to show that the Commissioner's determination was "arbitrary and excessive, and were not required to show the exact amount of income earned, or the exact amount of tax due"; that the Tax Court "was unduly prejudiced against petitioners as a result of the admission of evidence relative to a conviction of petitioner Cy Sterns, for receipts of over-ceiling prices for certain liquor sold by petitioner Cy Sterns in San Francisco"; and that "the Tax Court erred as a matter of law in determining that the Commissioner . . . had met his burden of proof in showing that petitioners omitted large sums of income from their income tax return with an intent to evade the tax thereon."

■ Insofar as the petition of Mrs. Sterns is concerned, we find that the opinion of the Tax Court is sound and that there was support in the evidence for its Findings of Fact. We adopt the opinion of the Tax Court as our own, as regards Mrs. Sterns.

■ With respect to the petition of Cy Sterns, his death has created a jurisdictional problem. Rule 13, relating to "Death of a Party", is quite lengthy, but we quote from the opening sentence:

"1. Whenever, in an appeal pending in this court, either party shall die, the proper representatives in the personalty or realty of the de-

ceased party, according to the nature of the case, may voluntarily come in and be admitted parties to the suit, and thereupon the case shall be heard and determined as in other cases; and if such representatives shall not voluntarily become parties, then the other party may suggest the death on the record, and thereupon, on motion, obtain an order that unless such representatives shall become parties within 60 days the party moving for such order if appellee, shall be entitled to have the appeal dismissed, and if the party so moving shall be appellant he shall be entitled to open the record and, on hearing, have the judgment or decree reversed, *if it be erroneous*", etc.

The death of Cy Sterns having been brought to the attention of the Court by counsel for appellant and appellee at the time of the oral argument on appeal it is ordered that the appeal as to Cy Sterns is abated.

Unless within sixty days from date hereof the personal representative of Cy Sterns becomes a party to the action, the appellee shall be entitled to have the appeal dismissed.