T.C. Summary Opinion 2001-177

UNITED STATES TAX COURT

CRAIG D. HOLLINGSWORTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2003-01S.                    Filed November 26, 2001.

Craig D. Hollingsworth, pro se.

<u>Trent D. Usitalo</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 1998, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in, and an addition to tax under section 6651(a)(1) to, petitioner's Federal income tax for 1998 in the amounts of $5,505 and $273, respectively.

The issues for decision are as follows:

(1) Whether petitioner is entitled to the deductions claimed by him on his Schedule C.  We hold that he is not.

(2) Whether petitioner is liable for an addition to tax under section 6651(a)(1).  The resolution of this issue turns on whether petitioner timely filed his income tax return for the year in issue.  We hold that he did; accordingly, he is not liable for the addition to tax.

The amount of petitioner's liability for self-employment tax and the amount of the deduction under section 164(f) to which petitioner is entitled are computational matters, the resolution of which will depend on our disposition of the first of the two issues enumerated above.

## Background

Some of the facts have been stipulated, and they are so found.

At the time that the petition was filed, petitioner resided in Ceres, California.

## A.  Petitioner's 1998 Income Tax Return

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for 1998.  Petitioner attached to his return Schedule C,

Profit or Loss From Business.  Petitioner described his business on his Schedule C as a part-time real estate loan officer. Petitioner reported income and claimed expenses on his Schedule C as follows:

| Income | | |
|---|---|---|
| Gross receipts | | $22,331 |
| Less: Cost of Goods Sold | | --- |
| Gross profit/gross income | | 22,331 |
| Expenses | | |
| Advertising | $3,538 | |
| Car & truck expenses | 4,614 | |
| Insurance | 928 | |
| Legal & professional services | 3,540 | |
| Office expense | 3,654 | |
| Repairs & maintenance | 678 | |
| Supplies | 593 | |
| Taxes & licenses | 472 | |
| Utilities & telephone | 1,669 | 19,686 |
| Net profit | | 2,645 |

Petitioner also attached to his 1998 income tax return Schedule SE, Self-Employment Tax, and reported self-employment tax in the amount of $374.  Petitioner claimed a deduction for one-half of this amount, or $187, on page 1 of his Form 1040. See sec. 164(f).

Petitioner dated his 1998 income tax return "8/14/99" and mailed it to respondent's service center in Fresno, California. The envelope in which petitioner mailed his return bears a U.S. Postal Service postmark date of August 16, 1999.  Petitioner's return was received by respondent's service center 2 days later, on August 18, 1999.

Petitioner filed his 1998 income tax return pursuant to Form 4868, Application for Automatic Extension of Time To File U.S.

Individual Income Tax Return.  This form served to extend by 4 months the time within which petitioner was obliged to file his 1998 income tax return.

B.  Examination of Petitioner's 1998 Income Tax Return

In due course, petitioner's 1998 income tax return was selected for examination.  The focus of the examination was the deductions claimed by petitioner on his Schedule C.  However, petitioner "declined to open [his] books and records" or otherwise provide substantiation for any of the deductions in question.  Thereafter, respondent disallowed petitioner's Schedule C deductions for lack of substantiation.  Respondent also determined that petitioner failed to timely file his 1998 return.

Discussion

A.  Petitioner's Schedule C Deductions

We begin with several fundamental principles that serve to guide the decisional process.

First, deductions are a matter of legislative grace.  Deputy v. duPont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Second, a taxpayer bears the burden of proving that the taxpayer is entitled to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v.

Helvering, 290 U.S. 111, 115 (1933).[2]

Third, a taxpayer is required to maintain records sufficient to substantiate deductions claimed by the taxpayer on his or her return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Fourth, the fact that a taxpayer reports a deduction on the taxpayer's income tax return is not sufficient to substantiate the deduction claimed on the return. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). A tax return is merely a statement of the taxpayer's claim; the return is not presumed to be correct. Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); Halle v. Commissioner, 7 T.C. 245 (1946) (a taxpayer's return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

At trial, petitioner did not introduce a single piece of documentary evidence in support of any of the deductions in issue. Likewise, petitioner did not offer testimony in support

---

[2] We note that sec. 7491(a) does not affect the burden of proof where a taxpayer fails to substantiate a deduction. Higbee v. Commissioner, 116 T.C. 438 (2001); Caralan Trust v. Commissioner, T.C. Memo. 2001-241.

of any of those deductions.  Therefore, even if petitioner may have incurred some deductible expense in pursuing his Schedule C activity, we have no basis whatsoever on which to approximate an allowance.  See <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985); see also <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930); cf. sec. 274(d)(4), providing that no deduction is allowable with respect to any "listed property", such as a passenger automobile or other property used as a means of transportation, on the basis of any approximation or the unsupported testimony of the taxpayer; <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); <u>Golden v. Commissioner</u>, T.C. Memo. 1993-602; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Rather, at trial, petitioner, while admitting that he was obliged to file an income tax return, argued that respondent had no right to examine it.  The sheer folly of this assertion requires no response.  See <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984); see also sec. 7602(a).[3]

---

[3]  To the extent that any of petitioner's musings at trial may imply reliance on the Fifth Amendment privilege against self-incrimination, we note: (1) The deductions in issue were claimed by petitioner on his return, and (2) a claim based on the privilege, even if well founded, is not a substitute for relevant evidence.  <u>United States v. Rylander</u>, 460 U.S. 752, 758 (1983); <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 684-685 (1989); <u>Tinsman v. Commissioner</u>, T.C. Memo. 2000-55, affd. without published opinion
(continued...)

In view of his failure to substantiate, we hold that petitioner is not entitled to the deductions claimed by him on his Schedule C.

B.  Addition To Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return.  Whether petitioner is liable for this addition turns on whether he timely filed his 1998 income tax return.

Absent an extension of time to file, petitioner's 1998 income tax return was required to be filed by Thursday, April 15, 1999.  See sec. 6072(a).  Because petitioner filed Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, the time within which petitioner was required to file his return was extended by 4 months.[4]  Thus, the filing deadline became August 15, 1999.  But because that

---

[3](...continued) ___ F.3d ___ (8th Cir. 2001).  In other words, petitioner may not avoid meeting his burden of proof by asserting that he has a right not to testify.  United States v. Rylander, supra at 761; Traficant v. Commissioner, 89 T.C. 501, 504 (1987), affd. 884 F.2d 258 (6th Cir. 1989).  Indeed, in a civil case, "the Court may draw a negative inference from facts over which petitioner has asserted his Fifth Amendment privilege against self-incrimination."  Traficant v. Commissioner, supra, citing Baxter v. Palmigiano, 425 U.S. 308 (1976).  The negative inference that we would draw in this case is that petitioner lacks substantiation for the deductions that he claimed on his return.

[4] At trial, respondent raised no issue regarding the timeliness of Form 4868 or whether petitioner properly estimated his tax liability thereon.  See Crocker v. Commissioner, 92 T.C. 899, 910 (1989).  Accordingly, we proceed on the basis that Form 4868 was both timely filed and valid.

date was a Sunday, the filing deadline was extended to Monday, August 16, 1999.  See sec. 7503.

The envelope in which petitioner mailed his 1998 income tax return bears a U.S. Postal Service postmark date of August 16, 1999, and petitioner's return was received by respondent's service center 2 days later.  Accordingly, because petitioner's return was timely mailed, it is treated as having been timely filed.  See sec. 7502(a).

Because petitioner timely filed his 1998 income tax return, we hold that he is not liable for the addition to tax under section 6651(a)(1).

C.  Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issues,

Decision will be entered for respondent as to the deficiency in income tax and for petitioner as to the addition to tax.