T.C. Summary Opinion 2011-4

UNITED STATES TAX COURT

GORDON ASBURY SANFORD, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11539-08S.                    Filed January 18, 2011.

Gordon Asbury Sanford, Jr., pro se.

<u>Shannon Edelstone</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.[1]  Pursuant to
section 7463(b), the decision to be entered is not reviewable by

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $12,264 in petitioner's 2005 Federal income tax as well as a section 6651(a)(1) addition to tax of $2,469 for failure to file a Federal income tax return and a section 6662(a) accuracy-related penalty of $2,452. After concessions,[2] the issues for decision are: (1) Whether petitioner is entitled to certain deductions claimed on Schedule A, Itemized Deductions; (2) whether petitioner is entitled to certain deductions claimed on Schedule C, Profit or Loss From Business; (3) whether petitioner is liable for the section 6651(a)(1) addition to tax; and (4) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California at the time the petition was filed.

Petitioner worked as a government marine biologist for 25 years. After retiring from the government, petitioner became a forensic science teacher. During the year at issue he taught science at both the high school and college levels. In 2005

[2]See infra note 4.

petitioner taught for four different schools:  Irvington High School, Mission Valley Regional Occupational Program, Central County Occupational Center, and West Valley College.  At Irvington High School petitioner taught forensics and other science classes.[3]  For each of the other schools petitioner taught only forensics.  Each school had its own small budget, and petitioner was reimbursed by each school for his expenses up to the budget cap.  Petitioner could not seek reimbursement for amounts expended in excess of each school's budget.  Petitioner spent personal funds in his teaching activity.

Petitioner also incurred unreimbursed expenses for continuing education and to maintain professional licenses. Petitioner maintained professional licenses in several areas, including crime scene investigation, certified governmental science, and marine and environmental sciences.  The professional credentials were necessary for petitioner to continue teaching forensics as an occupational teacher.  In 2005 petitioner traveled to conferences in Baldwin Park, California; Palm Springs, California; Washington, D.C.; and Gainesville, Florida.

In addition to being a teacher, petitioner was a certified scuba instructor.  Petitioner has been certified for over 30 years, teaching scuba, underwater photography, marine research,

---

[3]The classes funded by Mission Valley Regional Occupational Program were also taught at Irvington High School.

wreck diving, coral reef ecology, and fish identification. In order to maintain an active scuba instructor's license, petitioner was required to certify others in scuba. In addition to certifying others to dive, petitioner led dive trips for students from his science classes and other individuals. On these trips petitioner often dove with an underwater camera. He would photograph the other divers and sea life. Petitioner would then make photo CDs for the divers and send photo postcards to the divers' homes or businesses as keepsakes from the trip. When diving for personal recreation, petitioner did not carry an underwater camera.

Petitioner was separated from his wife in 2005, and he and his wife were divorced sometime thereafter. Petitioner's wife took many of petitioner's expense records when she left the marital home. Petitioner did not file his 2005 Federal income tax return until December 19, 2006.

Petitioner filed both a Schedule A and a Schedule C with his 2005 Federal income tax return. The deductions he claimed were as follows:[4]

---

[4]Petitioner conceded that he is not entitled to a deduction for legal and professional service expenses of $7,637, commission and fee expenses of $11,210, or travel expenses of $9,719. Petitioner did not provide any evidence at trial to substantiate his disallowed tuition and fee expenses. Therefore, those items are deemed conceded. See Rule 149(b). Although petitioner did substantiate expenses for professional licenses, respondent

(continued...)

Schedule A

| Expense | Amount Claimed | Amount Disallowed | Amount Allowed |
|---|---|---|---|
| Medical and Dental | $3,829 | $3,829 | -0- |
| Taxes | 2,744 | -0- | $2,744 |
| Interest | 6,248 | -0- | 6,248 |
| Miscellaneous Deductions | 455 | 455 | -0- |

Schedule C

| Expense | Amount Claimed | Amount Disallowed | Amount Allowed |
|---|---|---|---|
| Advertising | $147 | -0- | $147 |
| Car and truck | 5,583 | $5,583 | -0- |
| Commissions and fees | 11,210 | 11,210 | -0- |
| Legal and professional services | 7,637 | 7,637 | -0- |
| Rent or lease-- other business property | 2,848 | 2,848 | -0- |
| Repairs and maintenance | 2,040 | 2,040 | -0- |
| Supplies | 10,913 | 10,913 | -0- |
| Taxes and licenses | 710 | -0- | 710 |
| Travel, meals and entertainment | 14,354 (travel) | 14,354 | -0- |
|  | 1,279 (meals and entertainment) | 1,279 | -0- |
| Other expenses | 2,758 | -0- | 2,758 |

---

[4](...continued)
allowed those expenses; so we will not discuss them here.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner did not allege that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof. See Rule 142(a).

## I.  Deductions

Deductions are allowed solely as a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to them. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer also bears the burden of substantiating claimed deductions. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

The fact that a taxpayer claims a deduction on his income tax return is not sufficient to substantiate it. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be

correct.  Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v. Commissioner, 7 T.C. 245 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  In order for an expense to be "necessary", it must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, supra at 113-114.  An expense will be considered "ordinary" if it is a common or frequent occurrence in the type of business in which the taxpayer is involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).

A.    Petitioner's Schedule A

Petitioner deducted several expenses related to his job as a forensic science teacher.[5]  The performance of services as an employee is considered a trade or business for section 162 purposes.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

---

[5]Petitioner claimed these expense deductions on his Schedule C.  We shall discuss them here because the deductions are unreimbursed employee expenses and should have been properly claimed on Schedule A.

"An employee's trade or business is earning his compensation, and generally only those expenses that are related to the continuation of his employment are deductible." Tesar v. Commissioner, T.C. Memo. 1997-207 (citing Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60).

The first $250 of deductions for expenses paid or incurred in connection with books, supplies, computer equipment, other equipment, and supplementary materials used by an eligible educator in the classroom is subtracted from gross income to determine the taxpayer's adjusted gross income. Sec. 62(a)(2)(D). Any substantiated expenses after the first $250 that relate to petitioner's employment as a teacher will be allowed as unreimbursed employee expenses to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income for the taxable year. See secs. 62(a)(2)(D), 67(a), 162(a). To claim a deduction for teaching supplies, it is not enough that the supplies be helpful to the students and appropriate for use in the classroom; they must also be directly related to the taxpayer's job as a teacher and a necessary expense of being a teacher. Wheatland v. Commissioner, T.C. Memo. 1964-95.

In order to deduct unreimbursed employee expenses, a taxpayer must not have received reimbursement and must not have had the right to obtain reimbursement from his employer. Orvis

v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Leamy v. Commissioner, 85 T.C. 798, 810 (1985). Petitioner credibly testified that once he was reimbursed to the extent of the budget caps, the schools would not reimburse any further expenditures.

At trial petitioner meticulously explained how most of his receipts related to expenses that exceeded the budget each school allotted. Although petitioner did submit some receipts for which he claimed duplicate deductions,[6] he did not submit any receipts for which the schools had reimbursed him.

### 1.    Expenses for Setting Up New Forensics Laboratory

Petitioner spent funds in excess of the budget allotted for setting up and buying supplies for a new forensics laboratory for Central County Occupational Center. He credibly testified and produced two receipts for amounts spent at Home Depot for items necessary to construct a new forensics laboratory. One receipt was for $40 for the supplies needed to build an outside sink for the laboratory. The second receipt was for $190, but the list of items purchased is illegible.

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit

---

[6]Petitioner deducted some expenses as both repairs and maintenance and supplies on his Schedule C.

verification of income and expenses.  As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

We are satisfied that petitioner did spend his own funds for the construction of a new laboratory.  He converted an old welding shop into a forensics laboratory.  Using our best judgment and the record before us, we estimate that petitioner spent $142.50 (75 percent of the claimed amount of the second receipt) at Home Depot on supplies for the new laboratory.  See Cohan v. Commissioner, supra at 543-544.  Petitioner is entitled to a deduction of $40 for the supplies for the outside sink and $142.50 for the supplies from Home Depot.

## 2.   Expenses for Classroom Supplies

Most of the receipts petitioner provided relate to supplies that he purchased for the classroom.  Costs of many of the supplies purchased constitute ordinary and necessary expenses for teaching forensics.  Petitioner purchased plugs and cords for microscopes, computers, and other electronic devices used in the classroom; ink for the forensic lab printers; chalklines to triangulate crime scenes; Super Glue for lifting fingerprints; and a mobile cart and belts for tools used in the laboratory. All of these items are directly related to petitioner's job of teaching forensics.  See Wheatland v. Commissioner, supra. Therefore, petitioner may deduct $543 for the above-mentioned items.[7]

Petitioner also provided receipts for books that he purchased for his classroom.  He had a library of over 200 books available to the students.  Petitioner testified that the books were for the students' benefit to enhance their understanding of forensics outside the classroom.  No evidence was presented: (1) That the books were used in the classroom, (2) whether the schools provided any books for the students' use during

---

[7]Petitioner also provided receipts for miscellaneous items such as photo paper from Costco, a Sandisk from Staples, 9-volt batteries from Orchard Supply, and gum from Dick's for which he did not explain their use.  Petitioner is not allowed to deduct the expenses for these items.

petitioner's classes, or (3) whether the schools required petitioner to purchase the books. See Mann v. Commissioner, T.C. Memo. 1993-201; Patterson v. Commissioner, T.C. Memo. 1971-234. Without more evidence than what is in the record, the expenditures for books were not directed or requested by the schools and are not directly related to petitioner's job as a teacher. See Wheatland v. Commissioner, T.C. Memo. 1964-95. Therefore, petitioner is not entitled to a deduction for the cost of books for his classroom.

### 3. Professional Conferences

Petitioner traveled to four conferences in 2005 that related to his employment as a teacher. He traveled to Baldwin Park, California, for a National Science Association meeting; Palm Springs, California, for a science teaching conference; Washington, D.C., for a forensics conference; and the University of Florida in Gainesville, Florida, for the "32nd Annual Florida Medical Examiners Educational Conference". Petitioner's employer reimbursed him for the expenses of one professional conference per year. None of the conference expenses for which petitioner presented evidence were reimbursed by his employer. Petitioner provided some receipts for his travel, meals, lodging, and registration fees for the conferences. In order to deduct traveling expenses (including meals and lodging), petitioner must substantiate the expenditures. See sec. 274(d). To substantiate

travel expense deductions under section 274(d), a taxpayer must show by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) The amount of the expense; (2) the time and place of the travel; and (3) the business purpose of the expense.

Each of petitioner's conferences was necessary for him to retain his professional credentials and was sufficiently related to his job as a teacher. See sec. 1.162-2(d), Income Tax Regs.; see also sec. 274(d). Petitioner provided receipts and credibly testified that he spent $2,614 for travel, lodging, and registration fees for the conferences he attended. Therefore, petitioner is entitled to a deduction in that amount for travel expenses, lodging expenses, and registration fees associated with the conferences he attended in 2005. Petitioner also provided receipts totaling $610 for meals during the conferences.

Petitioner is also entitled to deduct 50 percent, i.e. $305, of the expenses for meals associated with the conferences. See sec. 274(n)(1).

B.  Petitioner's Schedule C

In addition to his teaching career, petitioner conducted a business certifying scuba divers and taking students and individuals on scuba diving trips. He reported his profits and losses from his business on Schedule C. Petitioner credibly testified regarding several of the deductions he claimed for

expenses related to his scuba diving business.  We will discuss each type of expense in turn.

### 1.  Car and Truck Expenses

Under section 162(a) an employee or self-employed taxpayer may deduct the cost of operating an automobile to the extent it is used in a trade or business.  However, under section 262, no portion of the cost of operating an automobile that is attributable to personal use is deductible.

A passenger vehicle is listed property under section 280F(d)(4) and subject to strict substantiation under section 274(d).  The rule in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), does not apply to expenses related to listed property. Sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  For listed property, section 274(d) requires the taxpayer to adequately substantiate:  (1) The amount of the expense; (2) the amount of each business use and total use (e.g., mileage for automobiles and time for other listed property); (3) the time (i.e., date of the expenditure or use); and (4) the business purpose of the expense or use.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  In the absence of evidence establishing the elements of the expenditure or use, deductions are to be disallowed entirely.  Sec. 274(d); Sanford v. Commissioner, supra at 827; see also sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioner owned four vehicles:  A Cadillac used for his wife's dental business; a Lexus for personal use; a Blazer used solely for petitioner's scuba business; and a 1948 Plymouth. Petitioner claimed $5,583 of car and truck expenses on his Schedule C for use of the Blazer in 2005.  He reported that he drove 15,000 business miles.  Petitioner did not present a mileage log for 2005 and did not testify as to how he computed the mileage.  Petitioner is not allowed a deduction for any of the mileage expenses he deducted for 2005.  See sec. 274(d); Sanford v. Commissioner, supra at 827; see also sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

Petitioner also presented receipts and testified regarding repairs for the Blazer in 2005.  Petitioner submitted receipts for an oil change, wiper blades, and brake, relay fuel pump, seatbelt, and air conditioning work totaling $1,721.[8]  Petitioner is entitled to a deduction for vehicle expenses in that amount.

### 2.    Rent or Lease--Other Business Property

Petitioner rented a storage unit for his scuba equipment. He rented storage unit number 2031 (the storage unit) for the entire year 2005.  The rental fee for the storage unit increased from $150 to $154 per month in July 2005.  Petitioner submitted

---

[8]Petitioner submitted a receipt for repair work from Central County Occupational Center that is illegible; therefore, that receipt is not included in the total amount of car and truck expenses allowed.  See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

receipts for the cost of renting the storage unit for February 2005 through June 2005, totaling $750. Petitioner also paid $150 in rent for the storage unit in January 2005. Petitioner submitted two receipts for renting the storage unit for October and December 2005, at $154 a month. He also paid $154 a month in rent for the storage unit in July, August, September, and November 2005. In addition to the fee for the storage unit, petitioner spent $353 for a lock for the storage unit after there were several break-ins at the facility where he stored his scuba equipment. Petitioner is entitled to a deduction of $2,177 for the rent or lease of other business property.

3.   Repairs and Maintenance

Petitioner provided receipts for the purchase and repair of several pieces of equipment related to his scuba diving business. Petitioner credibly testified about and matched all of the receipts he presented with the claimed expenses. Petitioner expended $1,317 for repairs to his underwater camera equipment. He also expended $55 to have the lens in his dive mask repaired.

Petitioner also testified regarding and provided receipts totaling $1,050 for repairs to a pool used for scuba classes. The pool was used in petitioner's business for students to practice diving and use of the scuba gear. Petitioner is entitled to a deduction of $2,422 for repairs and maintenance expenses.

### 4. Travel, Meals, and Entertainment

Petitioner took three separate trips related to his scuba diving business and presented receipts for his travel. He made one trip to Desoto, Texas, to present information about scuba trips to interested individuals and two trips to scuba shows in Boston, Massachusetts, and Key Largo, Florida. He spent $306 for transportation and $137 for lodging in Desoto; $88 for lodging in Boston; and $953 for lodging and transportation and $422 for meals in Key Largo. Petitioner is entitled to deductions for his transportation and lodging and for 50 percent of his meals for the above-mentioned scuba shows. See sec. 274(d), (n)(1).

## II. Failure To File Addition to Tax

Section 6651(a)(1) imposes an addition to tax of 5 percent per month of the amount of tax required to be shown on the return, not to exceed 25 percent, for failure to timely file a return. The addition to tax under section 6651(a)(1) is imposed unless the taxpayer establishes that the failure to file was due to reasonable cause and not willful neglect.[9] Petitioner did not file his 2005 Federal income tax return until December 19, 2006. The record does not establish that petitioner's failure to timely file his 2005 Federal income tax return was due to reasonable

---

[9]Sec. 7491(c) provides that the Commissioner has the burden of production in any Court proceeding with respect to liability for an addition to tax. Respondent established that the tax return for 2005 was not timely filed.

cause and not willful neglect.  Therefore, petitioner is liable for the section 6651(a)(1) addition to tax.[10]

III. Accuracy-Related Penalty

Taxpayers may be liable for a 20-percent penalty on the portion of an underpayment of tax attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax.  Sec. 6662(a) and (b)(1) and (2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), affd. 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  An "understatement of income tax" is substantial if it

[10]Since we have allowed some deductions respondent disallowed, the amount of tax required to be shown on petitioner's 2005 Federal income tax return will be different from the amount shown on the notice of deficiency.  The addition to tax will also differ.  We leave the recalculation to the parties' Rule 155 computations.

exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

A taxpayer may avoid the application of an accuracy-related penalty by proving he acted with reasonable cause and in good faith.  See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001); sec. 1.6664-4(a), Income Tax Regs.  We analyze whether a taxpayer acted with reasonable cause and in good faith by examining the relevant facts and circumstances and, most importantly, the extent to which the taxpayer attempted to assess his proper tax liability.  See Neely v. Commissioner, supra at 947; Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  In order for the reasonable cause exception to apply, the taxpayer must prove that he exercised ordinary business care and prudence as to the disputed item.  Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

Respondent has met his burden of production for the accuracy-related penalty by showing that petitioner deducted expenses that he could not substantiate.  We must now decide whether petitioner acted with reasonable cause and good faith.

In some instances, petitioner duplicated claimed deductions and also claimed deductions in excess of $20,000 that he later conceded or could not substantiate.[11]  Although the Court is

---

[11]See, e.g., supra note 4.

sympathetic to the fact that petitioner's wife took many of the records petitioner needed to substantiate several of his claimed deductions, we cannot overlook the large amount of expenses that petitioner conceded were improper or his claimed duplicate deductions. Therefore, petitioner is liable for the section 6662(a) accuracy-related penalty for negligence.[12] Because we have found that petitioner is liable for the accuracy-related penalty for negligence, we need not discuss whether petitioner had a substantial understatement of income tax.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[12]See supra note 10 with respect to the amount of the penalty.