T.C. Summary Opinion 2011-21


UNITED STATES TAX COURT


XIANFENG ZHANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 28557-08S.                    Filed March 2, 2011.


Xianfeng Zhang, pro se.

<u>Halvor Melom</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,624 in petitioner's 2006 Federal income tax. After concessions,[2] the issues for decision are whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business, for travel expenses and a home office.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California at the time the petition was filed.

Petitioner sold travel insurance through KCG Insurance Co. (KCG). Petitioner was compensated with commissions for the insurance policies he sold, and he reported those commissions as business income on Schedule C. Petitioner's primary clientele was Chinese travelers visiting the United States. Petitioner traveled to China to meet with clients and sell travel insurance covering the insureds' stays in the United States. The time

---

[2]Petitioner conceded other expenses of $1,000 reported on Schedule C and a real estate loss of $1,992 reported on Schedule E, Supplemental Income and Loss, and that he received unreported Schedule C income of $10,000. Other adjustments made in the notice of deficiency were computational and will not be discussed.

petitioner spent in China and the number of clients he had are unclear from the record.

Petitioner used one room of his dwelling as an office, which was approximately 25 percent of the total area of his home.  KCG did not provide petitioner with an office.  Petitioner shared his house with his parents and his son.  Neither petitioner's parents nor his son used the home office.  Petitioner performed administrative and management activities related to selling insurance in the home office.

Petitioner timely filed his 2006 Federal income tax return. On Schedule C petitioner reported gross receipts of $20,000 and claimed deductions for car and truck expenses of $5,408, insurance expenses of $1,400, other expenses of $1,000, travel expenses of $7,000, and meals and entertainment expenses of $750. Petitioner reported a net profit of $4,442 after deductions. Petitioner did not claim a home office deduction on his original Federal income tax return.  Respondent mailed petitioner a notice of deficiency dated August 20, 2008, disallowing petitioner's claimed Schedule C deductions for travel expenses.

Petitioner, through his tax return preparer, submitted three amended Federal tax returns after the petition was filed and before trial.

Petitioner's Schedule C for Each Amended Return[1]

| Amended Returns | Gross Receipts | Car and Truck Expenses | Insurance Expenses | Travel Expenses | Home Office Deduction | Net Profit |
|---|---|---|---|---|---|---|
| First | $20,000 | $4,998 | $1,100 | -0- | [2]$9,786 | $4,116 |
| Second | 20,000 | 4,998 | 1,100 | $5,543 | [3]3,848 | 4,511 |
| Third | 30,000 | 4,998 | 1,100 | [4]15,420 | [3]3,848 | 4,634 |

[1]The expenses claimed on Schedule C changed with each amended return. Petitioner asserted that the returns were structured to reflect a net profit above $4,000.

[2]This amounts to 100 percent of the real estate taxes assessed on petitioner's home.

[3]This amounts to 25 percent of the real estate taxes assessed on petitioner's home.

[4]Petitioner used a per diem of $257 for 60 days in China.

## Discussion

### I.    General Law

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner does not allege that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof. See Rule 142(a).

Deductions are allowed solely as a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to them. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

U.S. 435, 440 (1934).  The taxpayer also bears the burden of substantiating claimed deductions.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

The fact that a taxpayer claims a deduction on his income tax return is not sufficient to substantiate it.  Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974).  Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be correct.  Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v. Commissioner, 7 T.C. 245 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  In order for an expense to be "necessary", it must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, supra at 113-114.  An expense will be considered "ordinary" if it is a common or

frequent occurrence in the type of business in which the taxpayer is involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).

II.  Travel Expenses

Travel expenses while away from home[3] are included as ordinary and necessary business expenses.  Sec. 162(a)(2). In order to deduct travel expenses (including meals and lodging), a taxpayer must substantiate the expenditures.  Sec. 274(d).  To substantiate travel expenses under section 274(d), a taxpayer must show by adequate records or sufficient evidence corroborating his or her testimony:  (1) The amount of the expense; (2) the time and place of the travel; and (3) the business purpose of the expense.  There are additional requirements for certain foreign travel.  Sec. 274(c).  No deduction will be allowed under section 162 for the portion of expenses otherwise allowable under such section that are not allocable to such trade or business.  Sec. 274(c)(1).  Paragraph (1) will not apply to expenses of travel outside the United States away from home if such travel does not exceed 1 week or the portion of travel time not attributable to a trade or business is less than 25 percent of the total time of such travel.  Sec. 274(c)(2)(A) and (B).

--------

[3]The question of whether petitioner was "away from home" within the meaning of Commissioner v. Flowers, 326 U.S. 465 (1946), is not at issue.

As a general rule, if the taxpayer has incurred a deductible expense but is unable to adequately substantiate the precise amount of the deduction, the Court may estimate the amount of the deductible expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The rule in Cohan, however, does not apply to expenses, such as travel expenses, that must be substantiated under section 274(d). Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioner testified that he took three separate trips to China for business purposes in 2006--one in June lasting approximately 90 days, another in September lasting approximately 60 days, and a third that began in December 2006 and ended sometime in 2007. Petitioner entered into evidence three airplane tickets for flights from both Beijing to Los Angeles and Los Angeles to Beijing. The dates on the airplane tickets are not consistent with the dates or periods of travel to which petitioner testified. Although petitioner's passport bears customs stamps from both the United States and China, some of the stamps are illegible. The stamps that are legible do not correspond with the dates petitioner testified he was in China for business.

Petitioner did not testify to or produce other evidence explaining precisely what business was conducted in China or the length of each business trip to China. Petitioner presented no evidence delineating how much of each trip was devoted to business or how much was devoted to nonbusiness activities. See sec. 274(c)(2)(B).

Petitioner did produce several receipts that appear to be for automobile and lodging expenses in China. The receipts, however, are in Chinese and do little to explain petitioner's business activities. The receipts do not satisfy the strict substantiation requirement of section 274(d). Petitioner has failed to substantiate the travel expenses he claimed for his trips to China. Therefore, we sustain respondent's disallowance of petitioner's deduction for travel expenses.

III. Home Office Deduction[4]

Generally, a deduction for an expense relating to property that is occupied by a taxpayer as a residence is disallowed. Sec. 280A(a). An exception to the general rule is found in section 280A(c)(1)(A), which provides that an expense that is allocable to a portion of the taxpayer's dwelling that is used exclusively on a regular basis as the taxpayer's principal place

---

[4]Although not in the pleadings, the parties stipulated that the home office deduction was at issue, and the Court finds the issue was tried by consent and is properly before us. See Rule 41(b)(1).

of business will be allowed as a deduction. The term "principal place of business" includes a place of business that is used by a taxpayer for administrative and management activities if no other fixed location of the trade or business is used by the taxpayer to conduct substantial administrative or management activities. Sec. 280A(c)(1). A portion of the taxpayer's dwelling is a room or other separately identifiable space. Hefti v. Commissioner, T.C. Memo. 1993-128.

The activities petitioner performed at his home office consisted of phone calls, paperwork, and other administrative or management activities associated with selling insurance.[5] Petitioner credibly testified that his family members did not use the home office and credibly testified that he used the home office portion of his dwelling exclusively for trade or business purposes.

We conclude that petitioner's use of a home office was exclusive and on a regular basis and that his home office was his principal place of business under section 280A(c). Therefore,

_____

[5]Petitioner testified that he met with the Chinese travelers to whom he sold insurance at his home office while they were in the United States. From the record it does not appear that petitioner met with clients on a regular basis in his home office. See sec. 280A(c)(1)(B).

petitioner is entitled to a home office deduction for the portion of his dwelling that was used as such.[6]

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[6]It appears that petitioner's home office deduction includes only real estate taxes and depreciation as business expenses. Accordingly, the Rule 155 computation is limited to these two items.