T.C. Summary Opinion 2011-28

UNITED STATES TAX COURT

HAROLYN TARR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1787-10S.                    Filed March 9, 2011.

Harolyn Tarr, pro se.

<u>Katy S. Lin</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
taxable years in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined the following deficiencies in, and accuracy-related penalties under section 6662(a) on, petitioner's Federal income taxes:

|       |            | Penalty      |
| Year  | Deficiency | Sec. 6662(a) |
|-------|------------|--------------|
| 2007  | $2,681     | $536.20      |
| 2008  | 2,654      | 530.80       |

After various concessions described hereinafter, and without regard to purely mechanical matters related to certain credits, the issues for decision are as follows:

(1) Whether for 2007 petitioner is entitled to a Schedule C deduction for "other expenses" aggregating $10,339;

(2) whether for 2008 petitioner is entitled to Schedule C deductions for travel of $3,254, meals and entertainment of $790, and certain "other expenses" aggregating $4,925; and

(3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## Background[2]

Petitioner resided in the State of Michigan when the petition was filed.

At all relevant times petitioner was married, and she and her husband filed joint Federal income tax returns for 2007 and

---

[2] None of the facts have been stipulated.

2008, the 2 taxable years at issue in this case.[3] On those returns, petitioner and her husband each reported their wage income.

Form 1040 for 2007

On the 2007 return, petitioner did not report any taxable refund of State or local income tax.

Petitioner itemized deductions for 2007, and she attached to the return a Schedule A, Itemized Deductions. On the Schedule A, petitioner claimed total itemized deductions of $39,456, which included miscellaneous itemized deductions (principally employee business expenses) of $22,591 (net of the 2-percent floor on such deductions prescribed by section 67(a)).

Petitioner also attached to the return (1) a Schedule C, Profit or Loss From Business, for her "statistician" activity and (2) a Schedule C for her husband's "financial services" activity. On petitioner's Schedule C, which reflected a net loss, no gross receipts or sales were reported. On petitioner's husband's Schedule C, which also reflected a net loss, various deductions

---

[3] The deficiencies and penalties at issue in this case were determined by respondent in a joint notice of deficiency issued to petitioner and her husband. The caption of the petition filed with the Court bore the name of petitioner's husband; however, the petition bore the original signature of only petitioner. At the trial session, petitioner's husband was repeatedly invited to ratify the petition by executing an amendment to petition and the necessary form was furnished to him. After he steadfastly declined to do so, the Court issued an order dismissing this case as to him for lack of jurisdiction.

were claimed, among them "other expenses" of $10,339, consisting of the following:

| | |
|---|---:|
| communication expense | $2,250 |
| transportation expense | 3,199 |
| moving expense | 1,875 |
| vehicle expense | 3,015 |
| | $10,339 |

## Form 1040 for 2008

Petitioner itemized deductions for 2008, and she attached to her return a Schedule A.  On the Schedule A, petitioner claimed total itemized deductions of $19,325, consisting of taxes paid of $3,510, gifts to charity of $2,971, and miscellaneous itemized deductions (principally employee business expenses) of $12,844 (net of the 2-percent floor on such deductions prescribed by section 67(a)).

Petitioner also attached to her return a Schedule C, which reflected a net loss, for her husband's "financial services" activity.  Various deductions were claimed on this Schedule C, including the following:

| | | |
|---|---|---:|
| travel | | $3,254 |
| meals & entertainment | | 790 |
| "other expenses": | | 5,675 |
| communication expense | $1,425 | |
| transportation expense | 3,500 | |
| moving expense | 750 | |

## Notice of Deficiency

For 2007, respondent determined that petitioner failed to report (1) gross receipts of $3,558 on her "statistician" Schedule C and (2) a taxable refund of State income tax of $52.

Also for that year, respondent disallowed in full Schedule A miscellaneous itemized deductions and the deduction for "other expenses" claimed on the "financial services" Schedule C.

For 2008, respondent disallowed all of the Schedule A itemized deductions and allowed instead the standard deduction applicable to petitioner's filing status (married filing jointly). Also for that year, respondent disallowed in full Schedule C deductions claimed for travel expenses, meals and entertainment expenses, and "other expenses".

For each year, respondent determined that petitioner was liable for the accuracy-related penalty under section 6662(a).

Stipulation of Settled Issues and Other Concessions

Prior to trial, petitioner executed a Stipulation Of Settled Issues.

For 2007, petitioner conceded that she failed to report gross receipts of $3,558 and a taxable refund of $52 and that she was not entitled to any miscellaneous itemized deductions on Schedule A.

For 2008, petitioner conceded $14,871 of the $19,325 of total itemized deductions claimed on the Schedule A.[4] Petitioner

---

[4] The difference between the amount claimed by petitioner on her return ($19,325) and the amount conceded by petitioner in the Stipulation Of Settled Issues ($14,871) is $4,454. At trial, respondent conceded that difference; however, respondent's concession was obviously motivated by the fact that it had no tax effect because $4,454 is less than the standard deduction
(continued...)

also conceded the "moving expense" deduction of $750 claimed as a component of "other expenses" on her husband's "financial services" Schedule C.

## Discussion

### A.  Burden of Proof

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Pursuant to section 7491(a)(1), the burden of proof as to factual matters may shift from the taxpayer to the Commissioner under certain circumstances.  Petitioner did not allege that section 7491 applies, nor did she either introduce the requisite evidence, see sec. 7491(a)(1), or satisfy the substantiation, recordkeeping, and other requirements of that section, see sec. 7491(a)(2)(A) and (B).  Therefore, petitioner bears the burden of proof.  See Rule 142(a).

### B.  Substantiation of Deductions

Deductions are allowed solely as a matter of legislative grace, and the taxpayer bears the burden of proving his or her entitlement to them.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

---

[4](...continued)
($10,900) that respondent allowed in the notice of deficiency.

U.S. 435, 440 (1934).  This includes the burden of substantiation.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.

The fact that a taxpayer lists a deduction on the taxpayer's return is not sufficient to substantiate the deduction. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974).  This is because a tax return is merely a statement of the taxpayer's claim, and the return is not presumed to be correct.  Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see Lawinger v. Commissioner, 103 T.C. 428, 438 (1994) ("Tax returns do not establish the truth of the facts stated therein."); Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); Halle v. Commissioner, 7 T.C. 245 (1946) (a taxpayer's return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949); Taylor v. Commissioner, T.C. Memo. 2009-235 ("A tax return is not evidence of the truth of the facts stated in it.").

As a general rule, if, in the absence of required records, a taxpayer provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to

adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, the Court may bear heavily against the taxpayer, whose inexactitude is of his or her own making. Id. Further, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

In the case of certain expenses, section 274(d) expressly overrides the so-called Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Specifically, and as pertinent herein, section 274(d) provides that no deduction is allowable for traveling expenses (including meals and lodging while away from home) or with respect to listed property as defined in section 280F(d)(4), unless the deduction is substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder. Included within the definition of listed property in section 280F(d)(4) is any passenger automobile or other property used as a means of

transportation and any cellular telephone.  Sec. 280F(d)(4)(A)(i),
(ii), (v), (5); sec. 1.280F-6(b) and (c), Income Tax Regs.; see,
e.g., <u>Murata v. Commissioner</u>, T.C. Memo. 1996-321; <u>Golden v.
Commissioner</u>, T.C. Memo. 1993-602.  In other words, in the absence
of adequate records or sufficient evidence corroborating the
taxpayer's own statement, any deduction that is subject to the
stringent substantiation requirements of section 274(d) is
proscribed.

Applying the foregoing principles to the instant case, we are
unable to conclude, given the absence of relevant testimony and
meaningful records, that petitioner has proven entitlement to any
of the Schedule C deductions remaining in issue.  We therefore
sustain respondent's determination in this regard.

C.  <u>Accuracy-Related Penalty</u>

Section 6662(a) imposes a penalty equal to 20 percent of the
amount of any underpayment attributable to negligence or disregard
of rules or regulations.  Sec. 6662(b)(1).  The term "negligence"
includes any failure to make a reasonable attempt to comply with
tax laws, and the term "disregard" includes any careless,
reckless, or intentional disregard of rules or regulations.  Sec.
6662(c).  Negligence also includes any failure by the taxpayer to
keep adequate books and records or to substantiate items properly.
Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. See sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The taxpayer bears the burden of proving that he or she did not act negligently or disregard rules or regulations. Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Higbee v. Commissioner, 116 T.C. 438, 446 (2001). But see sec. 7491(c) (regarding the Commissioner's burden of production).

For 2007, petitioner failed to report any of the gross receipts of her "statistician" Schedule C activity; she also failed to report a refund of State income tax, albeit modest in amount. Also for that year, petitioner grossly overstated her itemized deductions, conceding that she was not entitled to nearly 60 percent of the deductions claimed on Schedule A ($22,591 ÷ $39,456).

For 2008, petitioner also grossly overstated her itemized deductions, conceding that she was not entitled to over 75 percent of the deductions claimed on Schedule A ($14,871 ÷ $19,325).

In view of the foregoing, we conclude that respondent satisfied his burden of production.  However, we are unable to conclude that petitioner proved that there was reasonable cause for, and that she acted in good faith with respect to, the underpayment of tax for either 2007 or 2008.  Thus, in addition to the unexplained failure to report gross income and the gross overstatement of itemized deductions, no persuasive explanation was provided regarding the disallowed Schedule C deductions.  We therefore hold for respondent on this issue.

## Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed any of them, we conclude that they are irrelevant or without merit.

To reflect our disposition of the disputed issues, as well as petitioner's concessions,

<u>Decision will be entered for respondent</u>.